Sullivan, J.
Debt on the official bond of a justice of the peace. The suit was commenced against the defend-ant and *two others. Process was served on the defendant, and as to 'the others returned “ not found.” The declaration sets out the bond and condition which are in the usual form, and assigns as a breach, that on the 1st of May, 1841, at, &c., the defendant being a justice of the peace, entered a judgment against one H. B. Rowland in favour of Hays, the relator, in an action of debt, for the sum of $95.87 and costs of suit; that on the 22d of June, 1841, the judgment being in full force, &c., and the said U. B. Rowland being the owner within the county of personal property, not exempt from execution, more than sufficient to pay and satisfy said judgment, the defendant, Hook, being still such justice, &c., did, for the purpose of injuring and defrauding Hays', take, receive, and approve of one George II. Rowland as replevin-bail for the stay and execution on said judgment; that said G. H. Rowland was, at the time he was so received and approved of as replevin-bail, insolvent, and that the defendant knew it; that defendant, as such justice, neglected to issue execution on the judgment until the 9th of October following, at which time H. B. Rowland had become insolvent, and that he so continues, and the said G. II. Rowland continues to be wholly insolvent, &c. There was a general demurrer to the declaration which was sustained by the Court, and judgment was rendered for the defendant.
W. Herod, for the State.
A. A. Hammond, for the defendant.
The alleged defect in the declaration, on account of which the demurrer was sustained, is, that it does not contain an averment that the justice had jurisdiction of the case in favour of Hays against H. B. Howland; and it is argued that if he had not jurisdiction, he can not be made liable for taking insufficient bail.
Without stopping to inquire to what extent the objection, if true, would avail the defendant under the circumstances, we are of opinion that the declaration does sufficiently show that the justice had jurisdiction in the case referred to. It is shown to have been an action of debt, and that the sum recovered was less than $100. It is true, as was urged in the argument, that the suit may have been commenced on a demand for more than $100, but we will not so presume. Indeed, we would rather presume that if the original demand exceeded $100, it had been reduced by credits *to air amount less than that sum. Remington v. Henry, November term, 1841. We think the principle involved in this case was considered in the case of Perkins v. Smith, 4 Blackf., 299, and decided against the view now taken by the defendant.
Per Owriam.—The judgment is reversed with costs. Causo remanded, &c.