Mr. Justice Smith
delivered the opinion of the court.
David M. Porter had obtained a loan of money from the branch at Canton of the Commercial Bank of Natchez; one third of which was in par funds, and the remaining two thirds in paper, which was depreciated thirty per cent. For the loan thus obtained, he made and delivered his note to the bank. Plaintiffs’ testator, and one Slaughter, being indebted to Porter, agreed with him, in consideration of their indebtedness to him, to discharge this debt, by taking up his note in the bank, and substituting their own. This agreement was carried into execution, and the note of Collins and Slaughter was received in lieu of Porter’s note. This note was made payable to the bank. Porter was no party to the note; either as maker, indorser, or assignor. This suit was brought upon that note; and the defence is predicated on the alleged usury in the transaction.
On the trial, at the instance of the plaintiff’s counsel, the court charged, “ That if the jury believe from the evidence that the note sued on in this action, was given by the defendants to the Commercial Bank of Natchez, to pay a debt due from them to said bank, by which said debtor’s liability to the bank was taken up by him and discharged, then the note sued on is not usurious, as between defendants and said bank, and must be regarded in the same way as if it were a loan of par funds.”
The court, on the application of defendant’s counsel, refused to instruct the jury, “That if they believed from the evidence, that the note sued on in this case was given by the defendants to the Commercial Bank of Natchez, in discharge, and by way of taking up of a note, before that time executed by Porter to said bank, which said note of Porter had been given to said bank, in consideration of a loan by said bank to Porter of a certain sum of money, one third of which said loan was in good funds, and *27 two thirds in depreciated bank notes; that afterwards the makers of the note now sued on, being indebted to the said Porter, agreed with him, in consideration thereof, that they would discharge their indebtedness to him, by taking up his aforesaid note to the said bank, and substituting their own note in the place thereof; and that said agreement was carried into execution by the consent of the said bank; and the note in this suit was thereupon executed by the makers thereof, to the said bank; then the plaintiff is not entitled to recover any interest on the note sued on; and must deduct from the sum due on the face of the said note, the amount of the depreciation of the bank notes, loaned to said Porter; testing the value of the said depreciated bank notes, by the standard of gold and silver.”
Before we proceed to the examination of the main question in the cause — the question of usury — it will be proper to notice two grounds assumed by the counsel, for the defendant in error; for if they be well taken, it will obviate the necessity of an inquiry into that question.
The first position is, that it does not appear from the evidence that Porter, the original debtor to the bank, made and delivered his note to it for a larger amount than the specie value of the funds received by him at its discount.
This point seems not to have been raised on the trial below; and is for the first time presented in this court. The charges asked on either side, regard the usury of Porter’s note as a conceded or established fact. We would reluctantly notice an objection not raised on the trial of any cause in the circuit court; moreover, we think the construction which both parties placed upon the evidence, was the proper one.
The second point is subject to the same objections. It was not brought to the'attention of the court, and was not relied on in the charge requested by the plaintiff’s counsel. The ground which appears to have been relied on solely by his counsel was, that the note substituted or given in lieu of Porter’s note, was not tainted by the usury of that note, as a valid consideration had passed between the defendants' and Porter. The proof shows that there was an exchange of credit by the receipt of *28 defendant’s note, in the place of the note of Porter, then held by the bank. It is true that it is not stated by the witness in express terms, that the substituted note was given for the amount called for, on the face of Porter’s note. But the obvious interpretation of the evidence leads to that conclusion. From the record it would seem that this construction was given to it by the plaintiff, and he must be held bound by that construction in this court.
It is unimportant to inquire whether the effect of the transaction, which resulted in the substitution of defendant’s note to the bank, for the note of Porter, previously held by it, was a discharge of the demand held by Porter against the defendants, or of that which subsisted on the part of the bank against Porter. The true point of inquiry is, Was there a sufficient consideration for the note in suit, to enable the plaintiff to recover 1
If Porter’s note had been without consideration, or if the consideration as between him and the bank had entirely failed, there could be no question of the validity of the makers’. The consideration which passed between them and Porter, would be sufficient to sustain the action. In such a case, the mere want or failure of consideration would not be a legitimate subject of inquiry, as it would be perfectly immaterial whether the bank had or had not given a consideration. This point was decided by this court, in the case of Turner v. Brown, 3 S. & M. 425.
A very different question, however, is presented, where it is alleged that the consideration of the original note is illegal. The distinction between a mere failure, or want of consideration and its illegality, is obvious. The principle which recognizes the distinction, is founded in public policy, for although the party sought to be charged, may, at his option, waive a failure, or want of consideration, the courts, upon a fixed principle, refuse to lend their aid for the enforcement of a contract made in violation of the law. In the case of Adams v. Rowan, 8 S. & M. 638, the distinction between the illegality and mere want of consideration in the assignment of a note is recognized, and the regularity of inquiring into it is directly decided. In that case, the appellees were the assignees of two promissory *29 notes, the payment of which was secured by a mortgage of lands. The notes were assigned by the payee to the appellees, in payment for slaves, introduced into this state, as merchandise, in contravention of the provision of the constitution on that subject; who filed their bill for a foreclosure and sale of the mortgaged premises. There was no question as to the validity of the notes assigned. Yet this court held, that the illegality of the consideration for the assignment, deprived the appellees of all right of recovery against the maker.
It is settled, that where an original contract is illegal, any subsequent contract which carries it into effect, is also illegal. Where the consideration of a contract is impeached for illegality, if the subject-matter of the contract can be traced back to an original illegal contract, the substituted security is void. And this principle applies, if the parties sought to be charged on the substituted security were ignorant of the illegality of the original contract, if the party seeking a recovery was a privy to the original illegal contract. The case of Adams v. Rowan, above cited, is a direct authority on this point, and is sustained by many decisions of high authority. See Bridge v. Hubbard, 15 Mass. R. 96; Tuthill v. Davis, 20 J. R. 287; Edwards v. Skirving, 1 Brev. 528. The facts of this last case were these: A bond was given to secure usurious interest, by a party who died before it was taken up. A mortgage had been executed by the borrower, to secure the payment of the usurious loan. A friend of the deceased, to prevent injury and expense to his estate, which might arise from a threatened enforcement of the mortgage, gave his own bond for the balance due by the decedent on his bond, and took an assignment of it and the mortgage. Upon these facts the court held that the substituted bond was void, on account of the illegality of the first.
Let us apply this principle to the facts of the case before us. Porter was indebted to the bank, and the defendants were his debtors. By an agreement between all of these parties, the note of defendants was substituted for the note of Porter, and they became directly the debtors of the bank. It is obvious that the demand of the bank was not satisfied, although Porter may *30 have been discharged. The money loaned to Porter was not collected; but another security was taken, the consideration of which, as passing from the bank, was the same consideration of Porter’s note. The whole transaction in substance, though not in form, amounted to an assignment or transfer of the defendant’s note by Porter, in lieu of, or in satisfaction of his own note. In the language of the court, in the case above referred to, of Edwards v. Skirving, “ it was, as to the plaintiff, a mere renewal ” of Porter’s note. Upon this view of the subject, the defendants note was affected by the illegality in the consideration of the first, and to aid in a recovery of the full contents of the note in suit, would be to lend assistance to a violation of the law.
According to the settled doctrines of this court, upon the view tve take of this case, the plaintiff was entitled to recover only the amount of the par funds received by Porter, on the discount of his note, and the specie value of the depreciated bank notes, without interest. The court therefore erred in giving the instruction requested by the plaintiff’s counsel in the court below, and in not giving that asked on the opposite side.
Let the judgment be reversed, a new trial awarded, and the cause remanded.