Mansfield v. Shipp et al.

Filed April 9, 1891.

No. 14,966.

MANSFIELD v. SHIPP ET AL.

SUMMONS.—*Omission of Full Names of Plaintiffs.*—*Motion to Quash.*—Where the Christian names of the plaintiffs are not given in full in the summons, but are set out in the complaint, it is not reversible error to overrule a motion to quash the summons.

PRACTICE.—*Complaint.*—*Numbering Paragraphs.*—In a suit to foreclose a chattel mortgage securing two notes, where the cause of action is stated in one paragraph of the complaint, it is not error to overrule a motion to require the plaintiff to separately state and number his causes of action.

INTERPLEADER.—*Bill.*—*Sufficiency of.*—A bill of interpleader filed under section 273, R. S. 1881, which does not aver that the alleged claimant ever demanded payment of the note sued on, or claimed that it had any right to collect the note, nor aver that the defendant paid, or offered to pay, the amount due into court or surrender the mortgaged property, is demurrable.

CHATTEL MORTGAGE.—*Foreclosure.*—*Failure to Object to Form of Judgment.* —In an action to foreclose a chattel mortgage, where the notes secured waive valuation laws, but the mortgage does not, and the judgment is that the mortgage be foreclosed and the property sold according to law, to pay and satisfy the indebtedness, the judgment will not be reversed, there being no objection to its form, on the ground that the judgment is for the sale of the mortgaged property without relief.

From the Shelby Circuit Court.

*B. F. Davis* and *W. H. Martz,* for appellant.

*T. B. Adams, L. T. Michener* and *I. Carter,* for appellees.

OLDS, C. J.—This action was brought in the court below by the appellees against the appellant, to foreclose a chattel mortgage given to secure the payment of two promissory notes. The first alleged error discussed is the overruling of a motion by the appellant to quash the summons, for the reason that the Christian names of two of the appellees, plaintiffs below, were not given in full in the summons. The plaintiffs' names were set out in full in the complaint, but in the summons the plaintiffs were designated as J. V. Shipp, M. A. Chester, and Jane Morrison. The motion to quash was overruled, and the defendant answered, and there was a trial upon the merits. Section 658, R. S. 1881, provides that "No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." The provisions of this section are clearly applicable in this case. The summons was valid in all particulars, except the omission of the full Christian names of two of the plaintiffs. This defect might have been cured by amendment in the court below, and the de-

fendant appeared and answered; and it does not appear that this defect was in any way prejudicial to the rights of the appellant. Besides, the motion was not well taken, for the reason that it was to quash the summons as to all of the plaintiffs, when as to Morrison her name was properly stated in the summons. See *Haines* v. *Bottorff*, 17 Ind. 348; *State ex rel.* v. *Hook*, 6 Blackf. 515; *Shackman* v. *Little*, 87 Ind. 181; *Dunkle* v. *Elston*, 71 Ind. 585; *Heberd* v. *Wines*, 105 Ind. 237; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409; *Wolfe* v. *Pugh*, 101 Ind. 293; *Spence* v. *Board, etc.*, 117 Ind. 573.

The next question presented is the alleged error of the court in overruling a motion to separately state and number the several causes of action stated in the complaint. The suit was to foreclose a chattel mortgage securing two notes. The cause of action was properly stated in one paragraph of the complaint. *Buck* v. *Axt*, 85 Ind. 512; *Hannon* v. *Hilliard*, 101 Ind. 310.

In *Wabash, etc., R. W. Co.* v. *Rooker*, 90 Ind. 581, it is held not to be error to overrule a motion to require the plaintiff to separately state and number his causes of action, when more than one is stated in a paragraph.

There was no error in this ruling of the court.

The next alleged error discussed is the ruling of the court in sustaining a demurrer to a bill of interpleader filed by the appellant. It is contended that it is not proper practice to demur to a bill of interpleader; that the right to file such a bill is given to the defendant by section 273, R. S. 1881, and it is within the discretion of the court to allow it to be filed. It is immaterial whether the filing of a demurrer and sustaining it was the proper practice or not if the plea was invalid, or there was no abuse of discretion in rejecting it.

Section 273, *supra*, provides that "A defendant against whom an action is pending upon a contract, or for specific real or personal property, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion with him, makes against him a demand

for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order."

There are no facts alleged which make it a good bill of interpleader. It is not averred that the M. P. Church, a corporation, which the appellant sought to have made a party by reason of it claiming the note for $220, ever demanded payment of the note of the appellant, or claimed that it had any right to collect the note from the appellant, nor did the appellant pay or offer to pay the amount due upon the note into court or surrender the mortgaged property to such person as the court might direct. There was no error in sustaining the demurrer.

The next and only other alleged error discussed is, that the court erred in its conclusion of law. The contention, as stated by counsel, is, that the notes waived valuation laws and the mortgage did not, and that the judgment is for the sale of the mortgaged property without relief. There is no objection to the form of the judgment, and no motion was made to modify it. The only statement in the conclusions of law as to how the mortgaged property shall be sold is that the plaintiff is entitled to " have a foreclosure of said mortgage and said mortgaged property sold according to law, to pay and satisfy said indebtedness."

There is no error in this conclusion of law as stated. If the appellant was not satisfied with the form of the judgment as entered, he should have objected and moved to modify it, and asked to have such judgment as he claimed he was entitled to entered. This he did not do.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 10, 1891.