Filed March 4, 1892.

No. 398.

### VANNATTA v. DUFFY.

PRACTICE.—*Misconduct of Counsel in Argument.*—*Question.*—*How Saved.*—In order to save the question of alleged misconduct on the part of counsel in making an argument to the jury, an objection should have been made, and a ruling insisted upon that the remarks were improper, and that they should be withdrawn by counsel and disregarded by the jury, and, failing to obtain a favorable ruling, an exception should have been taken to the action of the court. After this still other remedies were available. The complaining party could have moved to set aside the submission and discharge the jury, or he could have asked the court to give a special instruction upon the subject of the counsel's objectionable remarks.

SAME.—*Evidence.*—*Admission of.*—*Appeal.*—*Absence of Available Error.*— Where there was no objection to the admission of evidence when it was first offered, and no exception to any ruling of the court thereon, and after the testimony had been given the appellant moved to strike it out, but failed to point out to the court any specific objection thereto, there is no available error.

From the Benton Circuit Court.

*D. Fraser* and *W. Isham*, for appellant.

*M. H. Walker* and *G. H. Gray*, for appellee.

REINHARD, J.—The appellant sued the appellee in the

court below on a promissory note. The appellee answered the general denial, payment and a set-off for fifteen tons of hay at $10 per ton. The appellant filed a reply consisting of the general denial, payment and a settlement as to the item of hay. The cause was tried by a jury, resulting in a verdict and judgment for the defendant, who is the appellee here.

In the argument before the jury one of the counsel for the appellee used the following language : "If you give Mr. Vannatta judgment for one cent, Duffy, the sucker, will have to pay both lawyers." Counsel for appellant interposed an objection to this statement, whereupon the court, in the presence of the jury, remarked : "Mr. ———, that is not a proper argument." Thereupon the appellee's counsel, immediately following the foregoing statement made by him, further said in argument to the jury : "If you find that the note and interest thereon amounts to two or three dollars more than the hay, then Duffy will have to pay all costs." We take the following further proceedings from the record, literally : "To which statement plaintiff's counsel objected and excepted. And the defendant's counsel, paying no attention to the objection, and not pausing in his argument so that it might be determined by the court, proceeded with his argument, saying : 'These objections are made for the purpose of confusing me. They are made to interrupt me.' Then, turning to the court, counsel said : 'Give them all the exceptions they want.' "

It must be confessed that the language regarding the costs and attorney's fees was, in view of the issues in the cause, out of place and improper, and should have been checked by the court more effectually than it was. And yet we apprehend the appellant has not brought himself within the rule for saving the question so that it will avail for a reversal. No exception whatever was taken to any ruling or action of the court. The appellant

should have pressed his objection upon the court, and insisted on a ruling, not only that the remarks were improper, but that they should be withdrawn by counsel and disregarded by the jury. Failing to obtain any, or a favorable ruling, he should have taken an exception to the action of the court. After this the appellant still had other remedies. He could have moved to set aside the submission and discharge the jury, or he could have asked the court to give the jury a special instruction upon the subject of the counsel's objectionable remarks. It is true the misconduct of the prevailing party is itself a cause for a new trial under the statute. Section 559, R. S. 1881. But under the construction by the Supreme Court it seems that misconduct of counsel in argument will of itself not be a sufficient reason for setting aside the verdict unless the defeated party has been injured by such misconduct through some ruling, or act or conduct of the court. For a full discussion of the practice in such cases and a review of the authorities, see *Leach* v. *Ackerman*, 2 Ind. App. 91; *Mainard* v. *Reider*, 2 Ind. App. 115. We do not regard the question as properly presented to warrant a reversal. Complaint is made of the improper admission of testimony with reference to the price of the hay in controversy. There was no objection to the evidence when it was first offered, and no ruling of the court thereon to which any exception was taken. After the testimony had been given, the appellant moved to strike it out, but even then he failed to point out to the court any specific objection thereto. *Lafayette Agricultural Works* v. *Phillips*, 47 Ind. 259. No available error is, therefore, shown.

Other errors assigned are waived by failure to discuss them. Judgment affirmed.

**Filed March 18, 1892.**