FELT, TRUSTEE, *v.* EAST·CHICAGO IRON AND STEEL COMPANY ET AL.

[No. 3,694.    Filed October 29, 1901.]

APPEAL AND ERROR.—*Judgment.*—*Form.*—Objections which go to the form of a judgment cannot be successfully made for the first time on appeal.  *p. 496.*

SAME.—*New Trial.*—A motion for a new trial because of the admission or exclusion of evidence must point out with reasonable certainty the evidence admitted or excluded and to which complaint is made. *p. 497.*

Felt *v.* East Chicago, etc., Co.

APPEAL AND ERROR.—*New Trial.—Causes.*—Assignments that "the judgment is contrary to the law and the evidence", and that "the judgment is contrary to the weight of the evidence", do not come within the requirements of subdivision six, §568 Burns 1901, "that the verdict or decision is not sustained by sufficient evidence, or is contrary to law." *p. 497.*

From Lake Circuit Court; *J. H. Gillett,* Judge.

Action by Frank B. Felt, trustee for Anna S. Holt, intervening petitioner, against the East Chicago Iron and Steel Company and Murray Turner, receiver. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Stirlen & Dickson, W. Garnett, Jr.,* and *O. J. Bruce,* for appellant.

*J. W. Youche, H. S. Barr* and *A. F. Knotts,* for appellees.

ROBINSON, J.—On July 25, 1896, upon application made the day before, a receiver was appointed and took charge of appellee Iron and Steel Company's property. Four days later appellant filed his intervening petition averring that on April 14, 1896, the company had sold and delivered to him 300 tons of iron and steel; that when the receiver took charge two car-loads had been shipped, four more cars were loaded and were in the company's yards, but the employes of the company would not permit it to be shipped, and the balance was in the company's warehouse. An order was asked on the receiver for the balance of the iron not delivered.

There was a trial by the court and a general finding that there was due appellant from the company $2,900.28; that the receiver should apply on this debt the proceeds, so far as sold, of the four car-loads of iron loaded but not shipped at the time the receiver took possession, and as to the balance of these cars of iron the receiver was ordered to hold the same subject to the order of appellant, "and the court now takes under advisement the question as to whether any of the other iron should be applied to the extinguishment of the above finding", and it was adjudged that the receiver

pay appellant the proceeds of sale of the four cars above mentioned.    Afterwards, on September 27, 1898, upon a further hearing, it was found and ordered "that no further deliveries of iron be made to him (appellant) than that heretofore ordered delivered to him."

Appellant has assigned errors (1) "that the court erred in overruling appellant's motion for a new trial; (2) the court erred in rendering judgment in said cause in not ordering the balance of said 300 tons of iron claimed by Frank B. Felt, trustee, to wit, 165 tons of iron, or the proceeds thereof, turned over by said receiver to said Frank B. Felt, trustee; (3) the court erred in not ordering said 165 tons of iron, or the proceeds thereof, to be turned over to said Frank B. Felt, trustee; (4) the court erred in not setting aside the finding of fact that said Frank B. Felt, trustee, was not entitled to the balance of said 300 tons of iron, to wit, 165 tons of iron, and in refusing to grant a new trial in said cause."

The second and third specifications of error seem to be directed to the form of the judgment.    But it is well settled that if a party is not satisfied with the form of the judgment as entered he should present his objections to the trial court in a motion to modify, and that objections to a judgment can not be successfully made, for the first time, on appeal.    *Mansfield* v. *Shipp,* 128 Ind. 55; *Hormann* v. *Harlmetz,* 128 Ind. 353, and cases there cited.    If it should be said that these assignments are directed to the finding, and not to the judgment, they would properly come within the cause in a motion for a new trial that the finding was not sustained by sufficient evidence, or was contrary to law.

Appellant's motion for a new trial was as follows:    "(1) The judgment is contrary to the law and the evidence in this cause; (2) the judgment is contrary to the weight of the evidence; (3) the judgment of the court should have been in favor of the interpleader; (4) the court permitted improper testimony over the objection of the interpleader;

(5) the court refused to permit proper evidence in behalf of the interpleader."

The third ground in the motion for a new trial is the same as the first.   The fourth and fifth causes for a new trial do not present any question.   It is a well settled rule of practice that a motion for a new trial because of the admission or exclusion of evidence must point out with reasonable certainty the evidence admitted or excluded, and of which complaint is made.   This motion does not attempt to comply with this rule.   *Louisville, etc., R. Co.* v. *Thompson,* 107 Ind. 442, 57 Am. Rep. 120 ; *Staser* v. *Hogan,* 120 Ind. 207 ; *Evans* v. *State,* 67 Ind. 68 ; *Heltonville, etc., Co.* v. *Fields,* 138 Ind. 58.

The first and second causes in the motion for a new trial do not come within the statutory requirements in reference to a new trial.   The sixth subdivision of the statute is "that the verdict or decision is not sustained by sufficient evidence or is-contrary to law."   It is evident this clause of the statute was contemplated by appellant in assigning these causes for a new trial.   But it has been expressly held that a cause in a motion for a new trial that the *judgment* is contrary to the law and the evidence, or is not supported by the evidence, presents no question.   *Rodefer* v. *Fletcher,* 89 Ind. 563 ; *Rosenzweig* v. *Frazer,* 82 Ind. 342 ; *Hubbs* v. *State, ex rel.,* 20 Ind. App. 181.   See, also, *Weaver* v. *Apple,* 147 Ind. 304 ; *Gates* v. *Baltimore, etc., R. Co.,* 154 Ind. 338.

The fourth error assigned is directed to the finding, which was a general and not a special finding.   It is evident this assignment proceeds upon the theory that the finding was wrong because the evidence showed it should be otherwise. No other theory would be even plausible.   If the general finding was wrong for such a reason the error could be reached only by a motion for a new trial based upon the sixth subdivision of §568 Burns 1901.

As the record comes to us no question is presented for review.   Judgment affirmed.