MERWIN v. ROMANELLI et al.

(Supreme Court, Appellate Division, Second Department.  December 30, 1910.)

USURY (§§ 103, 128*)—PERSONS AFFECTED—ASSIGNEES—ESTOPPEL.
The amount of a mortgage given to G., who was in fact acting for M., and had no real interest therein, was $1,350; but the actual loan was but $900, $450 having been retained by G. as commissions, but in reality for the benefit of M.  Before the mortgage was given, the mortgagor executed an affidavit to the effect that the mortgage and bond were valid obligations.  The mortgage and bond were thereafter assigned by G. to M.  *Held*, that M. was not a bona fide purchaser of the mortgage,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the mortgagor was not estopped by the affidavit to take advantage of the usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 259, 282, 283; Dec. Dig. §§ 103, 128.*]

Appeal from Trial Term, Kings County.

Action by George P. Merwin against Vittoria Romanelli, impleaded, etc. From a judgment for said defendant, plaintiff appeals. Affirmed.

See, also, 125 N. Y. Supp. 1131.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

J. Stewart Ross, for appellant.
Hector McG. Curren, for respondent.

WOODWARD, J. This action was brought for the foreclosure of a mortgage upon real property located in the borough of Brooklyn. The mortgage was executed and delivered on the 22d day of March, 1907, by the defendant Vittoria Romanelli to one Saverio Gallo; but it clearly appears from the evidence that Gallo was merely the dummy for the plaintiff in this action, and that the mortgage in question, given for $1,350, was delivered upon the actual payment of but $900, the sum of $450 having been retained by Gallo for alleged commissions, but in reality for the benefit of the plaintiff, to whom the bond and mortgage were subsequently transferred, after the defendant had executed an affidavit stating that the bond and mortgage were valid legal obligations at the time of such delivery. The defense of usury was pleaded, and the learned court at Special Term has found the facts substantially as stated above, giving judgment for the defendant.

The plaintiff appeals from the judgment, and urges that, as the defendant had given an estoppel certificate, knowing that the plaintiff was to receive an assignment of the bond and mortgage, she is not in a position to urge the defense pleaded. This would probably be so, if the certificate had been given to an innocent third party; but the evidence discloses fairly, we believe, that the plaintiff had full knowledge of the usurious transaction and was a party thereto. A plaintiff thus situated was not misled by the false statement, made to complete the usurious transaction, and considerations of public policy forbid that the law should be defeated by any such device. The authorities cited in behalf of the plaintiff go no farther than to hold that a certificate of estoppel is conclusive where the defendant has taken an assignment relying upon the certificate, a condition which could not exist in this case, if the usury was established; for the evidence disclosed that the plaintiff was the real usurer, and was familiar with the entire transaction. Usury affects every action taken to consummate the transaction, and those who are parties to the usury cannot be permitted to avail themselves of an alleged estoppel, introduced for the sake of giving apparent validity to the transaction.

The judgment appealed from should be affirmed, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes