## JONES v. BRYAN ET AL.

[No. 7,992.   Filed June 17, 1913.]

1. APPEAL.—*Waiver of Error.—Briefs.*—An assignment that the court erred in overruling a motion to strike out certain parts of an answer is waived by appellant's failure to set out the motion in his brief.   p. 551.

2. APPEAL.—*Review.—Harmless Error.—Motion to Strike Out.*— Overruling a motion to strike out certain parts of an answer, even if error, is not cause for reversal.   p. 551.

3. APPEAL.—*Briefs.—Defects Cured by Briefs of Appellee.*—Appellant's failure to incorporate his motion for a new trial in his brief may be cured by the brief of appellee.   p. 551.

4. NEW TRIAL.—*Grounds.*—A new trial may be granted only upon the grounds permitted by statute.   p. 551.

5. APPEAL.—*Waiver of Error.—Ruling on Demurrer.*—Error in overruling a demurrer to a paragraph of answer is waived by appellant's failure to set out such answer or its substance in his brief.   p. 552.

6. USURY.—*Answer.—Sufficiency.*—In an action on a note and to foreclose a chattel mortgage, an answer showing that the property covered by the mortgage belonged to defendant, although she had made affidavit that it was her husband's property to enable him to procure the loan secured by the mortgage, and that the several payments made by the husband from time to time, and after his death by the defendant, exceeded the amount of the loan and the legal rate of interest to the time of the trial, is not objectionable on the ground that, being an attempt to recoup usurious interest paid by defendant's deceased husband, it does not directly aver that defendant was the heir or personal representative of the husband, or that she was in privity with him.   p. 552.

7. USURY.—*Recoupment.*—The right given a debtor by §7953 Burns 1908, §5201 R. S. 1881, to recoup all interest paid in excess of the legal rate, also exists at common law.   p. 553.

8. USURY.—*Defenses.—Who May Make.*—The defense of usury may not be set up by a stranger, but is personal to the debtor or borrower and his privies by law, blood, contract, or estate.   p. 553.

9. USURY.—*Defenses.—Persons in Privity.*—A wife who permitted her husband to execute a mortgage upon her piano to secure his debt, and, after his death, was obliged to assume the debt to save her piano, was not a stranger to the original transaction, nor a mere volunteer, but had an interest therein entitling her to plead the defense of usury.   p. 553.

10. USURY.—*Defenses.—Who May Plead.*—Under the statute giving a widow a portion of her deceased husband's estate, she becomes a privy with him so that she is enabled to avail herself of the defense of usury against his debts. p. 554.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Lamont E. Jones against Martha Bryan and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Kittinger & Diven* and *Barnard & Brown,* for appellant. *J. E. Beeler* and *Ellis & Ellison,* for appellees.

IBACH, J.—This was an action brought by appellant on a note executed by appellee, Martha Bryan, and to foreclose a chattel mortgage on a piano. Trial by the court resulted in a judgment for appellee for costs.

It is assigned as error that the court erred in refusing to sustain appellant's motion to strike out certain portions of appellee's answer. Under the rules of this court this error has been waived by failure to set out such motion and the ruling thereon in appellant's brief, but even if the court did err in its action on such motion, it would not constitute reversible error. *Crawford* v. *Anderson* (1891), 129 Ind. 117, 28 N. E. 314; *Rowe* v. *Major* (1883), 92 Ind. 206.

It is also urged that the court erred in overruling appellant's motion for new trial. Appellant's failure to incorporate this motion in his brief has been supplied by appellee. This motion was upon the grounds that the judgment of the court is contrary to law, that the judgment of the court is contrary to the evidence, and that the judgment of the court is not sustained by sufficient evidence.

A new trial may be granted only upon the grounds permitted by statute. The statute, §585 Burns 1908, §559 R. S. 1881, does not permit the granting of a new trial upon the grounds assigned by appellant. Under the following authorities we are constrained to hold that appellant's motion did not challenge the correctness of the

court's finding or decision, and therefore presented no question to the trial court, and was correctly overruled. *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342; *Rodefer* v. *Fletcher* (1883), 89 Ind. 563; *Felt* v. *East Chicago Iron, etc., Co.* (1901), 27 Ind. App. 494, 61 N. E. 744; *Weaver* v. *Apple* (1897), 147 Ind. 304, 306, 46 N. E. 642.

5. Error is also assigned in overruling the demurrer to the fourth paragraph of appellee Martha Bryan's answer. By a strict construction of the rules of this court appellant has also waived consideration of this error, for he has not set out in his brief either the answer sought to be tested, or a sufficient statement of its substance. However, we think the answer was good. The answer

6. shows that the piano was the property of Martha Bryan and that she made an affidavit that it was the property of her husband in order to enable him to borrow money with it as security. The husband made several payments upon various notes, but died owing, as appellant claimed, $74. Shortly after his death, in order to prevent her piano being taken to satisfy the mortgage, appellee executed a new note for $84, the balance on the old loan, and a new loan of $10. On this she paid $49, then ten months later gave a note for $71, the balance claimed by appellant to be due on the old note, and a new loan of $25. She avers an offer to pay $25 to appellant in full satisfaction of his claim, and a bringing of that sum into court for his own use. The payments made by appellee's deceased husband, and those made by appellee total more than the amount of the several loans and the legal rate of interest to the time of the trial.

Appellant claims that this answer is bad because it seeks to recoup usurious interest paid by appellee's deceased husband to appellant, and it is not directly averred that appellee was the heir or personal representative of her husband, only that she was his wife. So appellant urges that it does not appear that she was privy with him, and thus

entitled to recoup usurious interest paid by him, but that she occupies the position of a mere volunteer who assumed the debt, and therefore is not entitled to recoup the usurious interest paid by her husband. By statute (§7953 Burns 1908, §5201 R. S. 1881), a contract to pay usurious interest is void as to the excess over the legal rate of interest, and in an action on a contract affected with usury, the excess over the legal rate may be recouped by the debtor. This same right exists at common law. *Baum* v. *Thoms* (1898), 150 Ind. 378, 50 N. E. 357, 65 Am. St. 368, and cases cited. The rule is that the defense of usury is personal to the debtor or borrower and his privies by law, blood, contract, or estate, and that it may not be set up by a stranger. Webb, Usury §§365, 366; *Studabaker* v. *Marquardt* (1876), 55 Ind. 341; *Lemmon* v. *Whitman* (1881), 75 Ind. 318, 39 Am. Rep. 150.

In our opinion, the fourth paragraph of answer shows that Martha Bryan was such a privy to the debt contracted by her husband that she might set up the defense of usury. It was said in the case of *Faison* v. *Grandy* (1901), 128 N. C. 438, 38 S. E. 897, 83 Am. St. 693: "It is a well established rule that the defense of usury is personal to the debtor or borrower and his privies by law or contract. Webb, Usury §365; *Davis* v. *Garr* [1851], 6 N. Y. 124, 55 Am. Dec. 398. And it is true that it is a personal defense, and the right of affirmative relief is likewise personal; but it is personal in the sense that it is to the exclusion of strangers, or parties disconnected with the immediate transaction. It is limited to the borrower or debtor upon whom the burden falls whether he be the *maker* of the note (the evidence of the debt) or not, or otherwise has an interest in the transaction which can be injuriously affected by the usury." In that case Frank Faison, the original debtor, whose debt was secured by mortgages upon lands, had shifted the legal title to the land, accompanied with the debt, to his brother John Faison,

who gave his own note secured by the land, an arrangement being made that upon payment of the debt, the land should be reconveyed to the original debtor Frank Faison. In an action upon the note and mortgage, Frank Faison interposed the plea of usury, and the court held that although John Faison was the maker of the note, Frank Faison, being the substantial debtor on whom the burden fell, might plead the defense of usury. So in the case at bar, appellee mortgaged her piano to secure her husband's debt, and being the one upon whom the burden of the debt fell, she had such an interest in the transaction that she might plead the defense of usury, and she was not a stranger to the original transaction, nor a mere volunteer. Our holding is also supported generally by the following cases: *Coulter* v. *Robertson* (1850), 22 Miss. 18; *Merwin* v. *Romanelli* (1910), 141 App. Div. 711, 126 N. Y. Supp. 549; *Botsford* v. *Sanford* (1817), 2 Conn. 276; *Hazard* v. *Smith* (1849), 21 Vt. 123; *Lyon* v. *Welsh* (1866), 20 Iowa 578.

Further, the rule is that any one in privity of estate or contract with the original debtor may plead usury. By our statute the wife takes a portion of her deceased husband's estate, and thus becomes privy with him so that she is permitted to avail herself of the defense of usury against his debts.

No error having been shown, the judgment is affirmed.

NOTE.—Reported in 102 N. E. 153. See, also, under (1, 5) 2 Cyc. 1014; (2) 31 Cyc. 669; (3) 2 Cyc. 1013 Anno.; (4) 29 Cyc. 759; (6) 39 Cyc. 1041, 1084; (7) 39 Cyc. 1020; (8) 39 Cyc. 999; (9, 10) 39 Cyc. 1064. As to waiver of right of appeal, see 13 Am. Dec. 546. As to what usury is and when it is available as a cause of action or defense, see 55 Am. Dec. 392. As to who besides the principal debtor may urge the defense of usury, see 28 Am. Rep. 491.