KENWOOD TIRE COMPANY *v.* SPECKMAN.

[No. 13,910. Filed May 1, 1931.]

*Otis E. Gulley, Fae W. Patrick, Fenton, Steers, Beasley & Klee* and *James C. Jay*, for appellant.

*Roemler, Carter & Rust* and *Blessing & Stevenson*, for appellee.

BRIDWELL, J.—This action was brought by appellee against appellants for damages on account of injuries sustained as a result of appellee having been struck by a motor truck driven by a servant of appellant while she was standing in a "safety zone" in the city of Indianapolis awaiting the arrival of a street car for the purpose of becoming a passenger thereon.

The cause was put at issue by the filing of an answer of general denial to the complaint; there was a trial by jury resulting in a verdict for $7,000 in favor of appellee. Motion for new trial was filed and overruled. Judgment on verdict, from which judgment this appeal is taken. Error relied upon for reversal is the overruling of appellant's motion for a new trial.

The motion for a new trial contains 94 alleged reasons why same should be granted, and under its "Points and Authorities," appellant presents reasons 8, 12, 13, 43, 68 and 73 as to the admission of evidence over objections made; reason 14 on alleged error in overruling motion to strike out the answer to a question propounded by appellee to one of her witnesses; reason 91 that the damages assessed by the jury are excessive; reason 92 in giving to the jury by the court of its own motion instruction No. 14.

Appellee contends that this court cannot consider any of the reasons advanced for a new trial relative to the admission of evidence because of the fact that in said motion no one of said reasons states what answer was

given to the question asked. Upon examination of the motion for a new trial, we find that in each of said reasons, except the eighth, it is alleged only that: "The court erred in overruling the defendant's objection to the following question propounded to (here the name of the witness called by plaintiff on direct examination is given), and in permitting said question to be answered, to wit," and here follows the question asked. Reason 8 differs from the other reasons in that it does not state that the question asked was permitted to be answered.

As early as 1872, the Supreme Court of this state, in the case of *Alley* v. *Gavin* (1872), 40 Ind. 446, said: "It has been often decided by this court that the reasons for a new trial must specifically point out what evidence was improperly admitted or rejected, when the improper admission or rejection of evidence is the error of which complaint is made."

In *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966, the court says: "It has repeatedly been affirmed and held by this court that in the reasons assigned for a new trial, because of the improper admission or rejection of evidence, the motion must point out with reasonable certainty what evidence was improperly admitted or excluded, or, in other words, the motion should name the witness and disclose what particular evidence was admitted or rejected."

In *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581, in speaking of alleged error in the admission of testimony, the court expresses itself as follows: "The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, together with his grounds of objection, in order for a determination to be made by this court of the existence of harmful error, and the court

will not search the record for the evidence adduced by the questions complained of."

The rule as announced in the cases heretofore cited has been consistently followed by the Supreme Court of this state and by this court, and, while it has been held that it is not necessary to set out in detail the answer given, yet all the cases are to the effect that it is necessary to point out with reasonable certainty the evidence concerning the admission of which complaint is made. *Coryell* v. *Stone, Exr.* (1878), 62 Ind. 307; *Ball* v. *Balfe* (1872), 41 Ind. 221; *Grant* v. *Westfall* (1877), 57 Ind. 121; *McClain* v. *Jessup* (1881), 76 Ind. 120; *Reese* v. *Caffee* (1892), 133 Ind. 14, 32 N. E. 720; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 31 N. E. 180, 32 N. E. 831, 19 L. R. A. 733; *Crowder* v. *Reed* (1881), 80 Ind. 1; *Dunn* v. *State* (1904), 162 Ind. 174, 70 N. E. 521; *Dodge* v. *Morrow* (1895), 14 Ind. App. 534, 41 N. E. 967, 43 N. E. 153; *Felt* v. *East Chicago, etc., Steel Co.* (1901), 27 Ind. App. 494, 61 N. E. 744.

The principal reason for the rule is to give to the trial court a further opportunity to consider and correct any error it has made while the case is still under its control. It would therefore follow that the brief cannot cure any defect existing in the motion for a new trial, and enable this court to pass upon claimed errors not properly presented to the court below. *State, ex rel.,* v. *Swarts* (1857), 9 Ind. 221; *Dunn* v. *State, supra.* No available error is presented on the admission of evidence.

We have considered the alleged errors set out in reason 14 for a new trial and based upon the overruling of appellant's motion to strike out a certain answer made by one of appellee's witnesses to a question propounded by her on direct examination. To the question asked, an objection was made, but the admissibility of the evidence not being presented for

review by properly setting forth the claimed error in the motion for a new trial, and the ground of the motion to strike out not being stated in the motion for a new trial, there is no reversible error shown in the ruling of the court in reference thereto. *Lafayette Agriculture Works* v. *Phillips* (1874), 47 Ind. 259; *Vannatta* v. *Duffy* (1891), 4 Ind. App. 168, 30 N. E. 807.

Error in the giving of instruction No. 14 is claimed. This instruction is as follows: "If you find for the plaintiff, if you further find from a preponderance of the evidence that the plaintiff has sustained injuries as alleged in her complaint, then it will be your duty to assess the damages, if any, that she has thereby sustained; and, in estimating such damages, if any, you may take into consideration every phase of the injury as alleged in the complaint, which you find from a preponderance of the evidence the plaintiff has sustained as a direct and proximate result of the defendant's negligence, as charged in the complaint; and in making such estimate, you may take into consideration the character of the plaintiff's injuries, if any, whether temporary or permanent; her physical and mental pain and suffering caused by and arising out of her said injuries, if any; you may also consider any loss she has already sustained in the way of earning, if any, by reason of her inability to pursue her usual pursuits; and, if you find from the evidence bearing thereon, that she is not yet cured, you may consider any future pain and suffering she may endure, and any loss she may sustain in the future, as reasonably certain to result from her injuries, and her inability to work and earn money, by reason of her said injured condition; also any reasonable expense incurred, necessarily, in her treatment of her injuries, if any, including the reasonable charges of physician, hospital bills, nursing care and attention; all as shown by the evidence, and not otherwise. And, from a con-

sideration of such of the elements of damage herein enumerated, as shown by the evidence, you may assess her damages at such a sum as will, in your judgment, fairly and adequately compensate her for the injuries received as a proximate result of defendant's negligence, as charged in the complaint, not to exceed the amount demanded in the complaint." It is contended that this instruction was prejudicial and harmful, particularly in view of the errors claimed in the admission of evidence. If the court did not err in the admission of the evidence (a question which we have heretofore held is not presented by the record in this case), the instruction given was applicable to the issues and the evidence, and a correct instruction as to the law.

It is claimed and assigned as a reason for a new trial that the damages assessed by the jury are excessive, and that the award of $7,000 must have been due to prejudice, partiality or misunderstanding of the proper elements to be taken into consideration. Appellee, at the time of the accident, was 27 years old and in good health. Because of her injuries, she was unconscious for a time and was confined in the hospital and in her home for approximately three months. There is evidence of permanent injury, and of much pain and suffering; of inability to perform the work she had been accustomed to do without such pain and suffering. While the amount awarded is a substantial sum, the extent of the injuries as a basis for damages was for the jury to determine in the first instance, and, the fact that the trial judge, who was in a position to best determine as to whether the verdict was the result of any improper influence, prejudice, passion or partiality, overruled the motion for a new trial is not to be entirely disregarded. We cannot say that the damages awarded are so grossly excessive, or so out of line with reason and justice, as to

shock the conscience, and induce the belief that the jury acted from any improper motive.

Finding no reversible error, the judgment is affirmed.