No. 8977.

ROSENZWEIG *v.* FRAZER.

PRACTICE.—*Motion for New Trial.*—It is not a good cause for a new trial, that the judgment is not sustained by the evidence, or is contrary to law.

PLEDGE.—*Sale of.*—*Demand.*—*Notice.*—*Mechanics' Lien.*—*Statute Construed.*— Upon default in the payment of a debt, an article pledged may be sold at public auction, after demand of payment, and upon notice to the pledgor of the time and place of sale. The act concerning liens of mechanics, etc., approved May 20th, 1852, R. S. 1881, section 5304, is not applicable to pledges.

SAME.—*Conversion.*—*Measure of Damages.*—If the pledgee make an unlawful sale, it constitutes a conversion; and the measure of damages is the value of the article, less the amount for which it was pledged.

From the Tippecanoe Circuit Court.

*C. D. Jones* and *A. K. Aholtz,* for appellant.

*A. L. Kumler, G. O. Behm* and *A. O. Behm,* for appellee.

WOODS, J.—The appellant, who was the defendant below, moved for a new trial because the judgment was not sustained by sufficient evidence and was contrary to law.

These are not statutory causes for a new trial. Code of 1852, sec. 352; R. S. 1881, sec. 559. It is cause for a new trial if the verdict or finding is not sustained by the evidence or is contrary to law, but not so of the judgment. It frequently occurs that, upon verdicts or findings in strict accord with the law and the evidence, judgments contrary to both law and evidence are rendered. But, as has been often decided, the remedy against such errors must be sought through an exception to, or a motion to modify, the judgment.

In this case, the judgment conforms strictly to the finding, but that does not affect the rule of practice that a new trial can be had as a matter of right only for the causes named in the code.

We have, however, examined the evidence in the record, and find not only that the court's decision (or finding, *Wilson* v. *Vance,* 55 Ind. 394,) is sustained by the evidence, but that a different conclusion could not well have been reached.

The action was for the unlawful conversion by the defendant, to his own use, of a watch which the plaintiff had left with him as a pledge for the repayment of a sum of money loaned by the defendant to the plaintiff. No time was specified for the repayment of the loan, but, in the following January, the defendant had sent the plaintiff notice by letter, which the plaintiff received, that he must redeem the watch, else it would be sold. Thereupon, the plaintiff deputed an agent to effect a redemption. The agent called upon the defendant a number of times, with money sufficient for the purpose, and offered to pay the defendant even more than the amount which he had claimed to be owing him, but, upon one and another pretence, the agent was put off until the follow-

ing October, when the defendant declared that he had sold the watch and could not restore it.

The defendant did, at his place of business, dispose of the watch in exchange for another watch and a sum of money. This was clearly an unlawful sale, and constituted the conversion charged in the complaint. It rendered unnecessary any formal demand by the plaintiff before commencing the action. There was, however, proof of such demand. For the same reason, no formal tender of the money due was necessary.

A pledge is not among the enumerated subjects, nor within the scope, of " An act concerning liens of mechanics, merchants and others," approved May 20th, 1852. 2 R. S. 1876, p. 335; R. S. 1881, sec. 5304.

The rule in reference to pledges is that, upon default in the payment of the debt, the article may be sold for the debt, but the sale must be at public auction, and can be made only after demand of payment, and upon notice to the pledgor of the time and place of sale. *Indiana, etc., R. W. Co.* v. *McKernan,* 24 Ind. 62, and cases cited; *Evans* v. *Darlington,* 5 Blackf. 320.

Having unlawfully disposed of the property, the defendant was liable to the plaintiff for its value, less the amount of his lien. *Shaw* v. *Ferguson,* 78 Ind. 547.

Judgment affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.