10,245.

## LINDSEY v. THE STATE.

CRIMINAL LAW. — *Sufficiency of Indictment.* — *Supreme Court.* — *Practice.*— *Waiver.*—Where it is assigned, as error, that the indictment is insufficient, and no defects therein, either in form or substance, are indicated in the assignment, and the appellant's counsel does not, in his brief, allude even to the alleged insufficiency of the indictment, the Supreme Court will consider the supposed error to be waived and abandoned.

SAME. — *Prosecution of Infant.* — *House of Refuge.* — *Supreme Court.* — *Presumption.*—Where an infant, under the age of sixteen years, has been arraigned for a violation of any criminal law of this State, and it ap-

pears that the trial court, under section 6214, R. S. 1881, has arrested the proceedings and committed the accused to the guardianship of the House of Refuge, the Supreme Court will presume, where the record shows nothing to the contrary, that this action was had with the consent of the accused.

SAME.— *Motion for New Trial.— Exception.— Judgment.—Supreme Court.— Practice.*—In criminal cases, it is cause for a new trial, that the verdict of a jury or finding of the court is contrary to law, under section 1842, R. S. 1881, and, unless the record shows that such cause was assigned in the motion for a new trial, the overruling of such motion, and an exception to the ruling, the question is not presented and will not be considered by the Supreme Court; nor will the court consider objections to the judgment, when the record fails to show that any objection or exception, either formal or substantial, was made to the judgment in the trial court.

From the Hendricks Circuit Court.

*G. Seidensticker,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *N. M. Butler,* Prosecuting Attorney, for the State.

HOWK, J.—The indictment in this case charged the appellant, and one Henry Myers, with the crime of grand larceny. Upon arraignment, the appellant pleaded that he was not guilty as charged in the indictment. By agreement the cause was submitted to the court for trial, without the intervention of a jury; "and, after hearing the evidence and arguments of counsel, the court being fully advised in the premises finds the defendant guilty as charged in the indictment, and that said defendant is a person of the age of only fourteen years." Whereupon the court assessed the appellant's punishment, at commitment to the Indiana House of Refuge for juvenile offenders, until he was twenty-one years of age, unless sooner reformed; and the court rendered judgment in accordance with its finding.

From this judgment, the appellant has appealed to this court, and has here assigned the following errors:

"1. The finding and judgment of the court below are contrary to law;

"2. The judgment of the court below is contrary to law; and,

"3. The indictment in the said cause, in the said court below, is insufficient."

There was no motion by or on behalf of the appellant in the circuit court to quash the indictment in this case; but, in this court, he has assigned as error, that the indictment is insufficient. The assignment of error does not indicate any defects, either of form or substance, in the indictment, nor show wherein it is insufficient; and in his brief of this cause, the appellant's counsel has failed to allude even to the alleged insufficiency of the indictment. We may well conclude, therefore, as we do, that the third supposed error is not well assigned, and is waived or abandoned by the appellant, as a ground for the reversal of the judgment below.

The appellant did not move the court below for a new trial of this cause; nor did he there either object or except to any of the proceedings had, or to the form or substance of the judgment rendered. The evidence introduced on the trial is not in the record. We are of the opinion, therefore, that the record of this cause wholly fails to show, that either the finding or judgment of the court below was contrary to law.

In section 13 of the act of March 8th, 1867, "to establish a house of refuge for the correction and reformation of juvenile offenders," as such section was amended by the act of December 10th, 1872, and now section 6214 of R. S. 1881, it is provided as follows:

"If any infant under the age of sixteen years shall be arraigned for trial in any court having criminal jurisdiction, on a charge of any violation of any criminal law of this State, the judge may, with the consent of the accused, arrest, at any stage of the cause, any further proceedings on the part of the prosecution, and commit the accused to the guardianship of this institution."

It may be presumed that the judge of the trial court acted under and in accordance with the provisions of this section in committing the appellant in this case to the custody and guardianship of the House of Refuge. It is claimed by the ap-

pellant's counsel, as we understand his argument, that the proceedings and judgment of the court below are erroneous, because they fail to show affirmatively the consent of the appellant thereto. We are not inclined, however, to adopt or approve of this view of the question. It seems to us that, in the absence of any showing in the record to the contrary, it must be presumed in favor of the action of the court below, that its proceedings and judgment were had and rendered, " with the consent of the accused," in conformity with the provisions of the statute.

We have considered the question discussed by the appellant's counsel, in this case, as if it had been properly presented for decision by the record before us and the errors assigned thereon. We are clearly of the opinion, however, that the appellant is in no condition to complain in this court of either the finding or judgment of the court below. In section 267 of the criminal code of 1881 (sec. 1842, R. S. 1881), it is provided that "The court shall grant a new trial to the defendant for the following causes, or any of them : * * * *Ninth.* When the verdict of the jury or the finding of the court is contrary to law or the evidence. The motion for a new trial must be made before the expiration of the term at which the judgment was rendered ; and the grounds therefor must be in writing."

Under these statutory provisions, it is clear, we think, that the appellant can not be heard to complain in this court that the finding of the court below is contrary to law, when the record shows, as it does, that he had filed no written motion in that court for a new trial of the cause on that ground. Nor can he be heard to complain here that the judgment below is contrary to law when the record fails to show, as it does, that he either objected or excepted to the form or substance of such judgment. *Mountjoy* v. *The State,* 78 Ind. 172.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.