No. 10,313.

RODEFER v. FLETCHER ET AL.

PRACTICE.—*Causes for New Trial.*— *Verdict or Finding.*—*Judgment.*—Under the *sixth* clause of section 559, R. S. 1881, the causes for a new trial therein mentioned are predicated upon the verdict of the jury, or the decision in the sense of finding of the court, and not upon the judgment.

From the Clinton Circuit Court.

*C. S. Wesner*, for appellant.

HOWK, J.—This was a suit by the appellant against the appellee Fletcher, as the assignor of a promissory note. Appellee answered the appellant's complaint by a general denial thereof. The issues joined were tried by the court, and a finding was made for the appellee, the defendant below, and judgment was rendered accordingly. Appellant's motion for a new trial

| 89 | 563 |
| 134 | 574 |
| 89 | 563 |
| 138 | 599 |
| 89 | 563 |
| 143 | 143 |
| 89 | 563 |
| 147 | 306 |
| 89 | 563 |
| 150 | 411 |
| 89 | 563 |
| 154 | 343 |
| 89 | 563 |
| 159 | 677 |
| 89 | 563 |
| 163 | 31 |
| 89 | 563 |
| 166 | 365 |

having been overruled, and his exception saved to such ruling, he has appealed from the judgment below to this court.

The only error properly assigned by appellant is the overruling of his motion for a new trial. In this motion the following causes were assigned for such new trial:

" 1st. Because the judgment is contrary to law;

" 2d. Because the judgment is not supported by the evidence given in the case;

" 3d. Because the judgment is contrary to the law and the evidence."

This case was finally disposed of in the circuit court on June 28th, 1881, while the civil code of 1852 was still in force. In the *sixth* clause of section 352 of that code (sec. 559, R. S. 1881,) it is provided that a new trial may be granted when " the verdict or decision is not sustained by sufficient evidence, or is contrary to law." The word *decision,* as used in this clause of the statute, " is clearly used in the sense of finding upon the facts, where the cause is tried by the court." *Wilson* v. *Vance,* 55 Ind. 394. *Christy* v. *Smith,* 80 Ind. 573. Possibly, the appellant may have intended to assign as causes for a new trial, in his motion therefor, that the finding or decision was not sustained by sufficient evidence, and was contrary to law. But, if such were his intention, it is evident, from the causes above quoted, that they are not such causes for a new trial as are authorized by the statute.

In *Rosenzweig* v. *Frazer,* 82 Ind. 342, the same causes were assigned for a new trial, in the same terms, as in the case at bar. The court said: " These are not statutory causes for a new trial. * * * * It is cause for a new trial if the verdict or finding is not sustained by the evidence or is contrary to law, but not so of the judgment. It frequently occurs that, upon verdicts or findings in strict accord with the law and the evidence, judgments contrary to both law and evidence are rendered. But, as has been often decided, the remedy against such errors must be sought through an exception to, or a motion to modify, the judgment."

We are of opinion, therefore, that the appellant's motion for a new trial was not sufficient, either in form or substance, to call in question below the correctness of the court's finding, under the law or upon the evidence; and that the ruling upon such motion presents no question for our decision.

The judgment is affirmed, with costs.