## GATES *v.* BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY.

[No. 18,414.   Filed March 13, 1900.]

APPEAL AND ERROR.—*Briefs.—Failure to Argue Errors Assigned.—Waiver.—Reply Brief.*—The failure of appellant to argue in his original brief errors assigned on appeal will be deemed such a waiver of the errors as to preclude him from demanding that his argument made in a reply brief, filed more than sixty days after the submission of the cause, be considered. *Spencer* v. *Spencer*, 136 Ind. 414, disapproved. *pp. 339-342.*

SAME.—*New Trial.—Motions.*—No question is presented on appeal by an assignment in a motion for a new trial "that the judgment of the court is contrary to law, and is not sustained by the evidence" and "that the decision of the court is not sustained by sufficient evidence, and is contrary to law," where the cause was tried by a jury, and a special verdict returned. *pp. 342, 343.*

From the Jackson Circuit Court.   *Affirmed.*

*A. N. Munden, B. H. Burrell, F. Branaman, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellant.

*E. W. Strong, O. H. Montgomery, H. D. McMullen* and *H. R. McMullen,* for appellee.

JORDAN, J.—Appellant was in the employ of the Baltimore & Ohio Southwestern Railway Company as a conductor upon one of its freight trains. By reason of an injury received, which he attributes to the negligence of said company, he instituted this action to recover damages.

It is alleged substantially in the complaint that the defendant negligently permitted and suffered a certain metal rod, placed near the coupling of a freight car, which was handled by appellant in the line of his duty, to project out to such a distance that, when the car was coupled to another car, the rod came into contact with timbers of the adjacent car, and thereby rendered the coupling or uncoupling of the cars dangerous. It is, in effect, alleged that, under these circumstances, appellant, while attempting to uncouple such car

Gates *v.* Baltimore, etc., R. Co.

from another car, without notice that it was dangerous or unsafe to do so, was injured by having his right arm caught between the rod and the other car, and that the injury was of such character as to render amputation of the limb necessary, etc. Absence of contributory negligence upon the part of the appellant is also alleged.

Upon the trial the jury returned a special verdict framed by means of interrogatories, under the act of 1895, and awarded appellant damages in the sum of $10,000. Appellant and appellee both moved for judgment on this verdict. The motion of the former was overruled and that of the latter was sustained.

Appellant, before the rendition of the judgment, also moved for a new trial, assigning as reasons therefor, among others: (1) "That the judgment of the court is contrary to law, and is not sustained by the evidence; (2) That the decision of the court is not sustained by sufficient evidence, and is contrary to law." This motion was overruled, and judgment was rendered upon the special verdict that appellant take nothing by his action, and that appellee recover its cost. From this judgment appellant appeals, and assigns as errors: (1) That the court erred in sustaining appellee's motion for judgment on the special verdict; (2) in overruling appellant's motion for judgment on the special verdict; (3) in overruling the motion for a new trial. On October 8, 1897, a transcript of the record was filed in the office of the clerk of this court, together with appellant's original brief. On March 10, 1898, appellee filed its brief. On May 13th following, appellant filed what is denominated a reply brief. Appellant prefaces his original brief by giving a mere summary of the facts in respect to the injury sustained, and citing us to various pages and lines of the transcript, which are said to disclose the proceedings had in the lower court. Following this, there is presented what is denominated a general statement of the special verdict. Next follows what appellant is satisfied to submit as his sole argument to con-

vince us that the first and second assignments of errors ought
to be sustained.    These alleged errors are discussed as fol-
lows: "The court erred in overruling appellant's motion for
a judgment in his favor upon the special verdict.    The court
erred in sustaining appellee's motion for a judgment in its
favor.    This verdict was prepared and rendered under the
special verdict law of 1895, which was repealed by the act
of 1897.    In order to fully comprehend the ruling of the
court upon each of the above assignments of error, it will
require an examination of the special verdict in this cause."
These alleged errors are then dismissed, and are not again
referred to in the brief until near its close, where it is merely
asserted that, under the evidence and the law, the special
verdict is such as to warrant a judgment for $10,000 in
appellant's favor, and that the court erred in overruling his
motion for judgment thereon.    This may be said to consti-
tute the entire argument in the original brief in respect to
the questions sought to be raised under the first and second
assignments of error.

It is a well settled rule of appellate procedure that a party,
in order to have alleged errors of the trial court considered
upon appeal, must do more than merely call attention to them,
and assert that the court erred.    He is required to go further,
and, at least, make an attempt to argue or show wherein he
claims that the rulings of the court are erroneous; otherwise,
the errors alleged, in respect thereto, will be considered as
waived.    *Chicago, etc., R. Co.* v. *Hunter*, 128 Ind. 213;
Ewbank's Manual, §§180, 188; Elliott's App. Proc. §§440,
445.

It is evident that appellant, in his original brief, has failed
to comply with the rule so firmly settled by the authorities,
and has left this court unaided to discover, if possible,
wherein the ruling of the court which he calls in question,
under the first or second assignment of error is wrong.

It is true that six months and over after the submission of
this cause appellant, by his attorneys, Elliott & Elliott, who

apparently came into the case after the filing of the original brief, filed what we previously said was denominated "a reply brief". While this latter document professes to be a reply to the brief of appellee, it is in fact, however, intended thereby to perform or discharge the duty which appellant omitted in his original brief; and in this brief, for the first time, an argument is advanced and authorities cited to show that the court erred in awarding judgment upon the special verdict in favor of appellee.

Appellant was, under the rule, required to file his first or original brief within sixty days after the submission of the cause and, as previously stated, it was not sufficient for him merely to assert therein, in general averments, that the ruling of the trial court was wrong, without making any effort to prove this bare assertion. Such assertions, in the absence of some argument or discussion in respect to the infirmity of the ruling of the trial court, are worthless. *Liggett* v. *Firestone,* 102 Ind. 514; *Acra* v. *Cornforth,* 4 Ind. App. 496. His failure to discharge the duty required of him in the first instance until long after the filing of appellee's brief, wherein the infirmity of the original brief in this respect was urged, may well be deemed such a waiver of the errors in question as will serve to preclude him from demanding that his argument in relation thereto, in his reply brief, be considered.

It is true that it is broadly stated or asserted in *Spencer* v. *Spencer,* 136 Ind. 414, that this court "can not decline to consider a question fairly presented by the record and argued by the appellant, when an opportunity has been given to the appellee to be fully heard upon such question." The holding that the court can not decline to consider a question, as asserted in *Spencer* v. *Spencer, supra,* under the circumstances as therein mentioned, is certainly too broad, and is therefore disapproved. The rule which affirms that alleged errors not argued by appellant in his original brief shall be deemed waived is reasonable and necessary in order that the

court and counsel for appellee may be seasonably informed of the questions to be considered and decided, and also in order that the business of the court may not be impeded or interrupted by a continued exchange of arguments upon the part of the respective counsel. Ewbank's Manual, §191. It follows that appellant, having waived all questions arising out of his first and second assignments of error, and also questions relative to the alleged error of the court in admitting certain evidence, by reason of his failure to argue or discuss them in his original brief, can not demand that these alleged errors be considered under the argument presented in his reply brief, and, in obedience to the well settled rule mentioned, they are dismissed without consideration.

It is, to a limited extent, argued in appellant's original brief and in his reply brief that the special verdict is contrary to law, and not sustained by the evidence, and for these reasons it is claimed that a new trial ought to have been granted. We can not consider these questions, because appellant did not conform to the provisions of the code in assigning them in his motion for a new trial. By §568 Burns 1894, §559 R. S. 1881 and Horner 1897, it is provided that, "A new trial may be granted in the following cases: * * * *Sixth.* That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."

It was assigned, as we previously stated, in the motion for a new trial, that the judgment of the court was contrary to law and not sustained by the evidence, and that the decision of the court was not sustained by sufficient evidence, and was contrary to law. This case was tried by a jury, and a special verdict returned. It is evident, then, that neither of the above mentioned reasons is, under the circumstances, authorized by the statute. The word "decision", as employed by the section of the code above cited, means the finding of the court upon the facts where the cause is tried by the court, and has no application where the trial is by jury. *Wilson* v. *Vance,* 55 Ind. 394; *Christy* v. *Smith,* 80 Ind. 573.

That the judgment is not sustained by the evidence or is contrary to law is not recognized by the code as a cause for a new trial. *Rosenzweig* v. *Frazer*, 82 Ind. 342; *Rodefer* v. *Fletcher*, 89 Ind. 563; *Hubbs* v. *State*, 20 Ind. App. 181. It follows that the judgment must be and is affirmed.