## LYNCH *v.* MILWAUKEE HARVESTER COMPANY

ET AL.

[No. 20,012.     Filed January 15, 1903.]

NEW TRIAL.—*Causes.*—*Appeal and Error.*—Specifications in a motion for a new trial in a civil action "that the finding and judgment of the court is contrary to the evidence" and "that the finding and judgment of the court is contrary to the law" present no question on appeal, since the statute recognizes no such reasons for a new trial.

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Action by the Milwaukee Harvester Company against Maud Lynch and another. From a judgment in favor of plaintiff, defendant Maud Lynch appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. W. Buff* and *A. D. Leach,* for appellant.
*Silver Chaney* and *A. G. McNabb,* for appellees.

Monks, J.—The Milwaukee Harvester Company sued appellant and her brother, William Lynch, to recover judgment on a promissory note executed to it by said William Lynch, and to set aside the coveyance of certain real estate made by said Lynch to appellant, as fraudulent. A trial of said cause by the court resulted in a finding and judgment for the amount due on said note, and a decree setting the conveyance of said real estate aside, and subjecting the same to the payment of said judgment.

The only error assigned, and not waived, calls in question the action of the court in overruling appellant's separate motion for a new trial. The only causes assigned for a new trial, and not waived by the failure of appellant to argue the same in her brief filed within sixty days after the submission of the cause, are: "(1) That the finding and judgment of the court is contrary to the evidence; (2) that the finding and judgment of the court is contrary to the law."

Appellee insists that the law recognizes no such reasons for a new trial. Clause 6, §568 Burns 1901, §559 R. S. 1881 and Horner 1901, upon which said causes specified in appellant's motion for a new trial depend, provides: "That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."

The statute, in plain language, names the causes which may be assigned for a new trial. It may be that, upon verdicts or findings in strict accord with the law and evidence, judgments contrary to the law and evidence are rendered.

Indianapolis St. R. Co. v. Hockett.

But the remedy against such errors is a motion to modify the judgment, and not a motion for a new trial. Elliott, App. Proc., §§344, 345, 346; Woollen, Trial Proc., §4424, and cases cited; *Evans* v. *State,* 150 Ind. 651, 655, and cases cited; *Rodefer* v. *Fletcher,* 89 Ind. 563; *Rosenzweig* v. *Frazer,* 82 Ind. 342; *Allen* v. *Berndt,* 133 Ind. 355; *People's, etc., Assn.* v. *Spears,* 115 Ind. 297, 299.

It has been uniformly held that causes for a new trial in the language of those in appellant's motion were unauthorized and insufficient in civil cases. Ewbank's Manual, §46; Woollen, Trial Proc., §§4420, 4424, and cases cited; notes to clause 6, §568 Burns 1901; *Gates* v. *Baltimore, etc., R. Co.,* 154 Ind. 338, 342, 343; *Dodge* v. *Pope,* 93 Ind. 480, 484; *People's, etc., Assn.* v. *Spears, supra; Rodefer* v. *Fletcher, supra; Rosenzweig* v. *Frazer, supra; Hubbs* v. *State, ex rel.,* 20 Ind. App. 181, and cases cited; *Louisville, etc., R. Co.* v. *Renicker,* 8 Ind. App. 404, 407, 413. See, also, *Huffman* v. *State,* 21 Ind. App, 449, 451, 69 Am. St. 368.

Judgment affirmed.