## MIGATZ *v.* STIEGLITZ.

[No. 20,785. Filed April 5, 1906.]

1. APPEAL AND ERROR.—*Complaint.—Initial Attack on Appeal.— Default.*—Where defendant, who was defaulted below, on appeal questioned the sufficiency of the complaint, the same question is presented as though he had demurred below and assigned the overruling of such demurrer as error on appeal. p. 363.

2. PLEADING.—*Complaint.—Good in Part.*—A complaint which is good as to any part of the relief sought is sufficient to withstand a demurrer for want of facts. p. 364.

3. SPECIFIC PERFORMANCE.—*Contracts.—Mutuality.—Action at Law.*—Where a vendee makes a definite contract for the purchase of real estate from the vendor, such vendor can enforce

specific performance, as well as the vendee, though he has an action at law for damages.   p. 364.

4. APPEAL AND ERROR.—*Assignment.*—*Judgment Contrary to Law.*—An assignment of error that "the finding and judgment of the court is contrary to law" presents no question.   p. 364.

5. NEW TRIAL.—*Sufficiency of Evidence.*—*Contrary to Law.*— *Appeal and Error.*—To present any question on appeal as to the sufficiency of the evidence or as to whether the decision is contrary to law, such questions must be embodied in a motion for a new trial and presented to the trial court, an independent assignment being unavailing.   p. 365.

6. JUDGMENT.—*Motion to Modify.*—*New Trial.*—A motion to modify the judgment and not a motion for a new trial is the proper remedy for the correction of an erroneous judgment. p. 365.

7. SPECIFIC PERFORMANCE. — *Notes.* — *Default.*—*Trial.*—Where specific performance of a contract calling for the execution of certain notes is prayed, but the defendant defaulted, the execution of such notes will not be decreed.   *May v. State Bank*, 9 Ind. 233, distinguished.   p. 365.

8. CONTRACTS.—*Payments.*—*Instalments.*—*Refusal.*—*Recovery.*— Where defendant by contract was entitled, upon executing certain notes, to time for the making of certain payments, his refusal to execute such notes gave the other party an immediate right of action for the money.   p. 365.

9. JUDGMENT.—*Default.*—*Excessive.*—Where plaintiff demanded the specific performance of defendant's contract to execute to him notes aggregating $1,100 with interest from a certain date, and defendant defaulted, a judgment for $1,159 will not be set aside as excessive when questioned for the first time on appeal. p. 366.

From Lake Circuit Court;   *Willis C. McMahan,* Judge.

Suit by Gustav Stieglitz against Nathan Migatz. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Frank N. Gavit,* for appellant.

*Johannes Kopelke,* for appellee.

MONTGOMERY, J.—Appellee, as vendor, brought this suit against appellant to enforce specific performance of a written contract for the sale of real estate. The complaint alleged that appellee was the owner in fee simple of certain

real estate in Lake county, and that on June 1, 1901, he and appellant entered into a written agreement, set out in full, whereby he agreed to sell and convey by warranty deed to appellant, and appellant agreed to buy, said real estate and pay appellee therefor $1,500 as follows: $400 cash, and the balance in seventy-three instalments, the first of which to be $20 and the remaining seventy-two $15 each, the first to be payable July 1, 1901, and one instalment to be payable on the first of each succeeding month until all were paid, said instalments to bear six per cent interest payable semiannually, and to be evidenced by promissory notes; that appellee duly performed all the conditions of said agreement on his part to be performed, and tendered a deed for said real estate, duly executed and acknowledged by appellee and his wife, with covenants of general warranty, and demanded payment of sums matured and the execution of notes for deferred payments in accordance with said agreement; but appellant refused and still refuses to perform; that appellee is still willing to comply with the terms of said contract and brings said deed into court for the use of appellant. Wherefore he prayed judgment for $500, for a reasonable attorney's fee, and also that appellant be required to execute notes for instalments not due and for other relief proper in the premises. Appellant was duly served with process, but made default; and it was adjudged and decreed that appellee have specific performance of said contract, and that he recover from appellant $1,159.05.

Appellant has assigned errors as follows: "(1) The complaint of the appellee does not state facts sufficient to constitute a cause of action; (2) the finding and judgment of the court is contrary to law."

The judgment below having been entered upon a default, the first assignment of error presents the same question that would have been presented if appellant

1. had filed in the trial court a demurrer for want of facts to the complaint, and had assigned the over-

ruling of such demurrer as error on this appeal. *Old v. Mohler* (1890), 122 Ind. 594, 597; *Yorn v. Bracken* (1899), 153 Ind. 492, 495; Elliott, App. Proc., §475.

If, upon the facts stated in his complaint, appellee was entitled to any part of the relief sought upon the theory of his case, then the complaint must be held good 2. as against the assignment that it does not contain facts sufficient to constitute a cause of action. *Yorn v. Bracken, supra; Owen School Tp. v. Hay* (1886), 107 Ind. 351; *Culbertson v. Munson* (1886), 104 Ind. 451; *Howe v. Dibble* (1873), 45 Ind. 120; *Bennett v. Preston* (1861), 17 Ind. 291.

The written agreement for the sale and transfer of the real estate involved is definite and complete, and there can be no doubt that upon compliance with its terms 3. appellant might have compelled appellee to execute a conveyance in accordance with the agreement. The equitable doctrine is that the enforcement of contracts must be mutual, and, the vendee being entitled to specific performance, his vendor must likewise be permitted in equity to compel the acceptance of his deed and the payment of the stipulated consideration. This remedy is available, although the vendor may have an action at law for the purchase money. *Porter v. Travis* (1872), 40 Ind. 556, 561; *Goodwine v. Morey* (1887), 111 Ind. 68; 26 Am. and Eng. Ency. Law (2d ed.), 106, and cases cited.

No formal or material defects have been pointed out in the complaint, and, in our opinion, it states a cause of action.

The second assignment of error, that the finding and judgment of the court is contrary to law, presents no question for review here. Grounds or reasons which 4. might form the basis for, and be properly embraced in, a motion for a new trial cannot be independently assigned as error on appeal. That part of the assignment which charges that the judgment is contrary to

law would not even be a proper ground for a new trial. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338; *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342; *Rodefer* v. *Fletcher* (1883), 89 Ind. 563; *Hubbs* v. *State, ex rel.* (1898), 20 Ind. App. 181.

If the decision of the court as embodied in the finding is not sustained by sufficient evidence, or is contrary to law, the matter should be presented to the trial court by an application for a new trial. It may happen that judgments will be entered not in accord with the finding and contrary to the evidence and the law. If an erroneous judgment in any case is entered, the remedy is by motion to modify the judgment by eliminating the error, and not by motion for a new trial. *Lynch* v. *Milwaukee Harvester Co., supra; Evans* v. *State* (1898), 150 Ind. 651; *People's, etc., Assn.,* v. *Spears* (1888), 115 Ind. 297, 299; *Rosenzweig* v. *Frazer, supra;* Elliott, App. Proc., §§345, 346.

Appellant relies upon the case of *May* v. *State Bank* (1857), 9 Ind. 233, to justify the second assignment of error. That was an action for money upon a bill of exchange, and the prayer was for a money judgment in a specified amount, and it was held that upon default judgment could not be rendered for a sum greater than the amount demanded. In the present case the prayer was for a money judgment, for the execution of notes and for other proper relief. Appellant having made default, the execution of the notes could not be decreed.

We are not advised by the record upon what basis the amount of the judgment was determined. It is a familiar rule that, where a party is entitled to time in which to make payment upon executing a note or other security, his refusal to execute the security will give the creditor an immediate right of action for the money. *Carnahan* v. *Hughes* (1886), 108 Ind. 225; *Clod-*

*felter* v. *Hulett* (1880), 72 Ind. 137, 148; *Hays* v. *Weatherman* (1860), 14 Ind. 341; *Mason* v. *Toner* (1855), 6 Ind. 328.

The facts disclosed by the complaint and record do not show that the judgment so far varies from or exceeds the amount of appellee's demand as to make the same contrary to law, when assailed for the first time on appeal.

No reversible error appearing, the judgment is affirmed.

Gillett, C. J., did not participate in this decision.