## INSKEEP ET AL. *v.* GILBERT ET AL.

[No. 21,791.   Filed November 29, 1910.]

1. DRAINS.—*Appeal Bonds.*—*Time for Filing.*—*New Trial.*—The statutory limit of thirty days for the filing of an appeal bond in drainage cases (§6143 Burns 1908, Acts 1907 p. 508, §4) begins to run from the time of the overruling of the motion for a new trial, if such a motion is filed. p. 727.

2. APPEAL.—*Bonds.*—*Defects.*—*Statutes.*—Defective appeal bonds are cured by statute (§1278 Burns 1908, §1221 R. S. 1881). p. 728.

3. NEW TRIAL.—*Grounds for.*—*Judgment Contrary to Law and Evidence.*—*Appeal.*—That the judgment is not sustained by sufficient evidence, or is contrary to law, constitutes no ground for a new trial, and presents no question on appeal. p. 728.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Drainage petition by Philip H. Gilbert and others, against which Sarah E. Inskeep and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Frank W. Gordon* and *M. W. Walbert,* for appellants.

*Eichhorn & Vaughn,* for appellees.

Monks, J.—This proceeding was brought by appellees before the Board of Commissioners of the County of Wells, under section nineteen of the drainage act of 1907 (Acts 1907 p. 508, §6174 Burns 1908), for the tiling of an open public drain. At the proper time each of the appellants filed a separate remonstrance, and the cause was tried by said board of commissioners, and judgment rendered confirming the report and establishing said proposed work. Appellants appealed from said judgment to the court below, where the cause was again tried, and the court found in favor of appellees, and over the separate motion of each appellant for a new trial rendered judgment confirming the assessments and establishing said proposed work. From this judgment appellants appeal.

Appellees have filed a motion in this court to dismiss said appeal, for the reason that the appeal bond was not filed within thirty days after the assessments were approved by the court below, as required by section four of said act of 1907 (§6143 Burns 1908). It was held by this court in the case of *Smith* v. *Biesiada* (1910), *ante,* 134, that it is allowable to file a motion for a new trial in such cases and that said thirty days does not commence to run if such motion is filed after the assessments are approved by the court, until said motion for a new trial is overruled. See, also, *Prough* v. *Prough* (1910), *ante,* 57. It appears from the record that the appeal bond was filed and approved within thirty days after said motion for a new trial was overruled, which was within the time required by §6143, *supra,* as held by this court in the case of *Smith* v. *Biesiada, supra.*

Objections are urged against the form of said bond, but such defects, if any, are cured by §1278 Burns 1908, 2. §1221 R. S. 1881. The motion to dismiss this appeal is therefore overruled.

The only errors properly assigned in this court call in question the action of the court in overruling appellants' separate motions for a new trial.

The causes for a new trial assigned in each of said motions are "that the judgment of the court is not sustained by sufficient evidence," and "that the judgment of the 3. court is contrary to law." It has uniformly been held that causes for a new trial, in the language of those in appellants' motions, are unauthorized and insufficient in civil cases. Ewbank's Manual §46; 2 Woollen, Trial Proc. §§4420, 4424, and cases cited; notes to clause 6, §585 Burns 1908, §559 R. S. 1881; *State, ex rel., v. Davisson* (1910), *ante,* 705; *Hall* v. *McDonald* (1908), 171 Ind. 9, 18; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 364, 365; *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 677, and cases cited; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 343, and cases cited; *Rodefer* v. *Fletcher* (1883), 89 Ind. 563, and cases cited; *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342; *Hubbs* v. *State, ex rel.* (1898), 20 Ind. App. 181. In the case of *Rodefer* v. *Fletcher, supra,* the causes for a new trial were assigned in the same terms, as to the judgment, as in this case, and the court, quoting from the case of *Rosenzweig* v. *Frazer, supra,* said: "These are not statutory causes for a new trial. * * * It is cause for a new trial if the verdict or finding is not sustained by the evidence or is contrary to law, but not so of the judgment. It frequently occurs that, upon verdicts or findings in strict accord with the law and the evidence, judgments contrary to both law and evidence are rendered. But, as has been often decided, the remedy against such errors must be sought through an exception to, or a motion to modify, the judgment." It follows that appellants' motions for a new trial

were not sufficient, either in form or substance, to call in question below the correctness of the court's finding under the law or evidence, and that the rulings upon such motions present no question for our decision.

Judgment affirmed.