SOUTHERN EXPRESS COMPANY ET AL. v. SCHURZ ET AL.

[No. 8,630. Filed December 17, 1913.]

1. APPEAL. — *Questions Reviewable.* — *Admission of Evidence.* — *Briefs.*—No question is presented on alleged error in the admission in evidence of certain exhibits and in refusing to strike out certain depositions, where appellants' brief fails to disclose in the statement of the record that the court ever ruled on the motion to strike out, or that any exception was reserved, and fails to set out the exhibits with sufficient certainty to enable the court to say whether their admission was harmful, or to set out the nature of the objection made in the trial court. p. 214.

2. APPEAL.—*Record.*—*Duty to Show Error.*—The court on appeal will not search the record to find grounds for reversal, but it is the duty of appellant to so prepare the briefs that the judges who do not have the record may familiarize themselves with the merits of the questions without resort to the record. p. 214.

3. APPEAL.—*Questions Presented for Review.*—*Motion for New Trial.*—No question is presented for review on appeal on the overruling of a motion assigning as causes for new trial "that the finding and judgment of the court is not sustained by sufficient evidence," and "that the finding and judgment of the court is contrary to law." p. 215.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Jacob E. Schurz and another against the Southern Express Company and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Richard M. Milburn* and *Bomar Traylor,* for appellants. *Leo H. Fischer,* for appellees.

LAIRY, C. J.—Appellees brought this action against appellants as common carriers, to recover damages for the loss of certain furs shipped by express from Huntingburg, Indiana, to Detroit, Michigan. The complaint was in two paragraphs to each of which there was an answer in general denial. The issues thus formed were tried by the court without the intervention of a jury, and resulted in a finding for appellees in the sum of $313.37. Appellants filed separate motions for a new trial which motions were overruled and judgment rendered.

The only error assigned on appeal is the action of the trial court in overruling each of appellants' motions for a new trial. Under this assignment, appellants insist that there were erroneous rulings of the trial court relating to the admission of certain evidence over their objections, that the finding is not sustained by sufficient evidence and that the finding and judgment are contrary to law.

The statement of the record set out by appellants in their brief is wholly insufficient to present any question in regard to the court's ruling upon the admissibility of evidence. It is well settled that this court will not search the record to find grounds for reversal. Appellants claim that the trial court erred in admitting in evidence, certain exhibits and in refusing to strike out certain depositions offered in evidence. It is not shown that the court ever ruled on the motion to strike out the depositions or that any exception was reserved. The exhibits to which objections were made are not set out in the brief and their substance is not set out with sufficient certainty to enable the court to say whether they were harmful in character, and the nature of the objection made in the trial court is not set out in the brief. It is impossible for the court to determine the nature of the questions thus sought to be presented without resort to the record. The Supreme Court of this State has thus construed the rule: "Rule 22 of this court is plain, and the purpose of the court

to enforce it to the extent that it shall be necessary to cause briefs to be prepared in such a way that the judges who do not have the record may familiarize themselves from the briefs with the merits of the questions presented has been often indicated." *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996.

The statement of the record in appellants' brief contains a condensed recital of the evidence in narrative form and we are asked to determine whether the decision of the court is sustained by sufficient evidence or is contrary to law. If this question was properly presented to the trial court by a motion for a new trial, it is properly presented here. The first and second causes assigned for a new trial are as follows: "(1) That the finding and judgment of the court is not sustained by sufficient evidence; (2) that the finding and judgment of the court is contrary to law." The Supreme Court has repeatedly held that causes for a new trial in the language of those contained in appellants' motion are unauthorized and are insufficient to present any question. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 56 N. E. 722; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400. In the case first cited the court said: "The statute, in plain language, names the causes which may be assigned for a new trial. It may be that, upon verdicts or findings in strict accord with the law and evidence, judgments contrary to the law and evidence are rendered. But the remedy against such errors is a motion to modify the judgment, and not a motion for a new trial." We are not at liberty to depart from the construction placed upon this statute by the Supreme Court.

Appellants have failed to point out any error in the record, and the judgment must be affirmed.

NOTE.—Reported in 103 N. E. 667. See, also, under (1) 2 Cyc. 1013; (2) 2 Cyc. 1014; (3) 2 Cyc. 992, 998.