GREAT WESTERN OIL COMPANY *v.* KRAUS.

[No. 9,749.    Filed February 21, 1919.]

1. APPEAL.—*Assignment of Errors.*—*Matters Assignable.*—Grounds for new trial cannot be independently assigned as error on appeal. p. 448.

2. APPEAL.—*Questions Presented.*—*Ruling on Demurrer.*—*Briefs.*— No question is presented for review by an assignment of error in overruling a demurrer to a complaint, where appellant fails to set out in its brief, as required by the rules of the Appellate Court, the demurrer with the memorandum required to be filed therewith. p. 448.

3. APPEAL.—*Questions Presented.*—*Refusal of Instruction.*—The trial court's refusal to give defendant's requested instruction will not be reviewed on appeal where defendant fails to set out the instruction in its brief as required by the rules of the Appellate Court. p. 448.

4. DRUGGISTS.—*Contributory Negligence.*—*Use of Drug.*—*Jury Questions.*—In an action against the vendor for damages to horses resulting from the use of a "dip" preparation, where the com-

plaint averred that plaintiff informed defendant's agent, at the time the preparation was purchased, that he wanted to use it as a stock "dip," that it was sold for that purpose, and that the agent instructed plaintiff as to the use of the "dip," telling him at the time that it was not dangerous or poisonous, and such averments were supported by the evidence, the question whether plaintiff was contributorily negligent in using the preparation was for the jury. p. 448.

From Marion Circuit Court (25,667); *Louis B. Ewbank,* Judge.

Action by Walter Kraus against the Great Western Oil Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Wilson S. Doan* and *James C. Matthews,* for appellant.

*George Osborn, Romney L. Willson* and *Russell Willson,* for appellee.

ENLOE, J.—This action was brought by appellee against the appellant to recover damages alleged to have been by him sustained, in the death of one colt, and the injury to two mares, his property, occasioned and brought about by the application upon the bodies of said animals of a certain preparation, or "dip," manufactured by appellant, and by it sold to appellee, and which preparation was known as "chlorozone."

The cause was submitted to a jury for trial, which found for appellee, and assessed his damages at $300. Appellant then filed its motion for a new trial. Several of the reasons there assigned are invalid, and present no question for our consideration, not being authorized by our statute. Those which are valid, and therefore demand consideration, are that the verdict of the jury is contrary to law; the verdict of the jury is not sustained by sufficient evidence; the

damages assessed by the jury are excessive; the court erred in overruling the motion of the defendant to instruct the jury to return a verdict in favor of the defendant, at the close of plaintiff's testimony, and also error of the court in giving certain instructions to the jury.

The only errors properly assigned and relied upon for a reversal are the overruling of a demurrer to the second amended complaint; the overruling of a demurrer to the second paragraph of complaint; the overruling of appellant's motion for a new trial. Other errors, attempted to be assigned, are proper reasons for a new trial, but cannot be independently assigned as error on appeal. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400.

The appellant has not set out in its brief either of the demurrers filed to the complaint, with the memorandum which the statute requires shall be filed therewith, as required by the rules of this court. And it has likewise failed to set out in its brief the instruction, which it says it requested to be given to the jury at the close of plaintiff's evidence, as required by the rules of this court, and therefore no question is presented for our consideration under the first, second, or third of the assigned errors.

This brings us to the consideration of the fourth assigned error—the action of the trial court in overruling appellant's motion for a new trial.

As to the instructions given by the court, the appellant, in its brief, objects to Nos. 4, 5, 6 and 7. Appellant insists that it is negligence, as a matter of law, for a man to administer medicines without knowing the character or the amount there-

of, and that, therefore, each and all of said instructions were erroneous. With this contention, we cannot agree, as applied to the facts in the case at bar. It is alleged in the complaint, and there is evidence in the record to support the averment, that, at the time the preparation was purchased, plaintiff informed the agent of appellant that he wanted it to use as a stock "dip"; that it was sold to him to be used for that purpose; that he asked for instructions as to its use; that he was told by said agent that said "dip" was not poisonous or dangerous when applied to animals as a stock dip; that when used as a stock dip it was harmless; that it could be applied to stock by rubbing it on with a sponge without danger of any kind. It is further averred that, at the time said preparation was purchased, appellee informed appellant that he had never used any stock dip or disinfectant of any kind, and knew nothing of the properties of such medicine. It is further alleged that such preparation so bought was in fact poisonous and dangerous, and that its use by appellee caused him to be damaged, etc., all without fault or negligence on his part.

There is ample evidence in this record to support the material averments of this complaint. Under the issues joined, the question of appellee's negligence was a question of fact for the jury. Each of the instructions complained of were within the issues tendered, and there was evidence before the jury to support them. The damages awarded were well within the evidence, and we cannot hold them excessive.

The judgment is therefore affirmed.