LYTLE v. STATE OF INDIANA.

[No. 23,798. Filed December 3, 1920.]

CRIMINAL LAW.—*Appeal.*—*Grounds for New Trial.*—*Review.*—In a criminal prosecution tried by the court, a motion for new trial for insufficiency of the evidence must attack the finding of the court, and a motion charging merely that the judgment of the court was contrary to law and not sustained by sufficient evidence presents no question for review.

From Marion Criminal Court (50,525); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Phil Lytle. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William E. Henderson*, for appellant.

*Ele Stansbury*, Attorney-General, and *Remster A. Bingham*, for the state.

MYERS, J.—Appellant was tried by the court and convicted upon an affidavit charging him with a violation of §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, known as the Prohibition Law. He was sentenced to pay a fine of $100, and to imprisonment at the Indiana State Farm for a period of thirty days. His motion for a new trial was overruled, and this ruling is assigned as error.

The causes for which a new trial was prayed are: "(1) That the judgment of the court is contrary to law. (2) That the judgment of the court is contrary to the evidence. (3) That the judgment of the court

is not sustained by sufficient evidence." By these alleged causes we infer that appellant is seeking the benefit of subd. 9, §2158 Burns 1914, Acts 1905 p. 584, §282, which provides that a new trial shall be granted "when the verdict of the jury or the finding of the court is contrary to law, or is not sustained by sufficient evidence."

It will be noticed that neither of the causes assigned for a new trial challenge the finding of the court. They are directed against the judgment, to which there was no objection or exception to its form or substance. Under these assignments appellant insists that there was no evidence to warrant a conviction. However this may be, this insistence is in support of causes not grounds for a new trial in a criminal case. *Lindsey* v. *State* (1882), 82 Ind. 7, 10; *Hall* v. *McDonald* (1908), 171 Ind. 9, 18, 85 N. E. 707; *Indianapolis Elec. Supply Co.* v. *Trapschuh* (1916), 63 Ind. App. 120, 114 N. E. 99; *DeTarr* v. *State* (1906), 37 Ind. App. 323, 76 N. E. 987.

No error is presented, and the judgment is affirmed.