## KOBY v. STATE OF INDIANA.

[No. 24,033. Filed October 24, 1922. Rehearing denied April
17, 1923.]

1. CRIMINAL LAW.—*Appeal.*— *Briefs.*— *Waiver of Error.*— An
assignment of error which is not presented by appellant in his
brief is waived. p. 108.

2. CRIMINAL LAW.—*New Trial.—Grounds.—Statutes.*—Under
§2158 Burns 1914, Acts 1905 p. 584, §282, specifying grounds
for new trial in criminal actions, causes alleged in a motion for
new trial that the "judgment" of the court was not sustained
by sufficient evidence or any evidence, that the "judgment" of
the court is contrary to law and the evidence does not challenge
the finding of the court, and neither of them constitutes a
ground for a new trial. p. 108.

3. CRIMINAL LAW.—*Appeal.—Presenting Questions for Review.
—Grounds for New Trial.*—Before any question which properly
arises under a new trial can be presented on appeal, it must
first be presented to the trial court in a motion for new trial.
p. 108.

From Marion Criminal Court (52,053); *James A.
Collins,* Judge.

Prosecution by the State of Indiana against Sam
Koby. From a judgment of conviction, the defendant
appeals. *Affirmed.*

*Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward
Franklin White,* Deputy Attorney-General, for the
State.

WILLOUGHBY, J.—The appellant was prosecuted by in-
dictment, which charged him and two others with re-
ceiving stolen goods in violation of §2273 Burns 1914,
Acts 1905 p. 584, §381.

The appellant filed a motion to quash the indictment,
which, being overruled, he then waived arraignment
and entered a plea of not guilty. Upon this plea he was
tried by the court without the intervention of a jury.
The court found him guilty and entered a judgment—

"that the defendant, Sam Koby, for the offense by him committed, do make his fine to the State of Indiana, in the penal sum of $100, and that he be imprisoned in the Indiana Reformatory for a term. of not less than one year and not more than fourteen years; that he be disfranchised and rendered incapable of holding any office of profit or trust for a term of one year and that he pay and satisfy all the costs and charges herein."

From this judgment appellant has appealed, and assigns as error: (1) The court erred in overruling appellant's motion to quash the indictment herein; (2) the court erred in overruling appellant's motion for a new trial. Appellant has waived the first error assigned by failing to present it in any manner in his brief. *Osburn* v. *Finkelstein* (1920), 189 Ind. 90, 126 N. E. 11.

The only causes alleged in appellant's motion for a new trial are: (1) The judgment of the court was not sustained by sufficient evidence. (2) The judgment of the court was not sustained by any evidence. (3) The judgment of the court is contrary to law. (4) The judgment of the court is contrary to the evidence. (5) The judgment of the court is contrary to the law and the evidence.

Neither of the causes above specified for a new trial challenges the finding of the court and neither of them constitutes a ground for a new trial. §2158 Burns 1914, Acts 1905 p. 584, §282; *Lytle* v. *State* (1920), 189 Ind. 690, 128 N. E. 836; *State, ex rel.,* v. *Davisson* (1910), 174 Ind. 705; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361; *Lindsey* v. *State* (1882), 82 Ind. 7.

It appears from appellant's brief under "Points and Authorities" that the appellant now seeks to bring himself within the provisions of subdivision 9, §2158 Burns 1914, *supra,* which provides that a new trial shall be granted when the verdict of the

jury or the finding of the court is contrary to law, or is not sustained by sufficient evidence; but this question was not presented to the trial court in the motion for a new trial and before appellant can present any question which properly arises under a motion for a new trial to this court, he must first present it to the trial court in a motion in that court for a new trial. *Musser* v. *State* (1901), 157 Ind. 423; *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748; *Pritchard* v. *State* (1920), 190 Ind. 49, 127 N. E. 545; *Underhill* v. *State* (1921), 190 Ind. 558, 130 N. E. 225; *Migatz* v. *Stieglitz, supra.*

No error is presented. The judgment is affirmed.

Ewbank, J., dissents.

Townsend, J., absent.