### UTLEY v. STATE OF INDIANA.

[No. 24,380.   Filed January 31, 1924.]

CRIMINAL LAW.—*New Trial.—Grounds.—*A motion for new trial which alleges only that the court erred in overruling defendant's motion to quash the indictment, that the judgment of the court is contrary to law, that the judgment of the court is contrary to the evidence, and that the judgment of the court is not sustained by sufficient evidence, does not assign any ground authorized for a new trial in criminal cases in §2158 Burns 1914, Acts 1905 p. 584.

From Vanderburgh Circuit Court; *William O. Bohanon*, Special Judge.

Ben Utley was prosecuted for transporting intoxicating liquor. From a judgment of conviction, he appeals. *Affirmed.*

Ernest J. Crenshaw, for appellant.

U. S. Lesh, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

GAUSE, J.—This is an appeal from a judgment below convicting the appellant of the charge of unlawfully transporting intoxicating liquor.

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

The only causes assigned in his motion for a new

trial were: "(1) The court erred in overruling defendant's motion to quash the indictment herein. (2) The judgment of the court is contrary to law. (3) The judgment of the court is contrary to the evidence. (4) The judgment of the court is not sustained by sufficient evidence."

None of the above reasons assigned in the motion for a new trial are grounds for a new trial under the statute. §2158 Burns 1914, Acts 1905 p. 584; *Nafe* v. *Leiter* (1885), 103 Ind. 138, 2 N. E. 317; *Lytle* v. *State* (1920), 189 Ind. 690, 128 N. E. 836, and cases therein cited; *Koby* v. *State* (1922), 193 Ind. 107, 136 N. E. 840.

The appellant in his motion for a new trial attacks the judgment of the court; but in his brief undertakes to discuss the sufficiency of the evidence to support the finding of the court.

It follows, upon the authority of the cases above cited, that appellant has presented no question to this court for decision.

The judgment is affirmed.

Ewbank, C. J., dissents.