GREESON *v.* SLOAN.

[Nos. 14,773; 14,774. Filed December 14, 1933.]

*Miller & Uhler*, for appellant.

*Forrest E. Jump* and *Joseph C. Herron*, for appellee.

WOOD, C. J.—The appellant appealed two separate causes to this court, from two separate judgments rendered by the Tipton Circuit Court. The appellee was the only party defendant to the judgments in the lower court. The two causes were consolidated for the purpose of trial in the lower court. On appeal to this court, by agreement of the parties cause No. 14774 was consolidated with cause No. 14773, for the purpose of incorporating in the record the bill of exceptions contain-

ing the evidence, for briefing, and for consideration by the court.

Cause No. 14773 was a suit in replevin brought by the appellant against the appellee. The complaint was in one paragraph. Appellee answered in two paragraphs; the first was a general denial; the second was a plea of former adjudication. To this paragraph of answer appellant filed a reply in general denial. Cause No. 14774 was a suit brought by the appellant against the appellee. The complaint which was in one paragraph alleged the joint ownership by appellant and appellee of certain articles of personal property, which could not be divided between them, praying that a receiver be appointed by the court to make sale of property, and divide the proceeds between the parties according to their respective interests. Appellee answered in two paragraphs; the first was a general denial; the second was a plea of former adjudication. To this paragraph of answer appellant filed a reply in general denial.

Upon the issues thus tendered, the two causes were submitted to the court for trial without a jury, resulting in a finding and judgment in both of them in favor of appellee. Appellant filed a motion for a new trial in each case, alleging as causes therefor: (1) "The finding and judgment of the trial court is not sustained by sufficient evidence; (2) the finding and judgment of the trial court is contrary to law." The motion was overruled in each case and is the only error assigned for reversal in each of them.

Appellant evidently sought to base his motion for a new trial upon the causes specified in paragraph six of Section 610, Burns 1926, Section 2-2401, Burns 1933, §368, Baldwin's 1934. It has been held by an unbroken line of authorities in both our Supreme and Appellate courts, that, causes for a new trial couched in the language employed by appellant, as above set out are un-

authorized and insufficient to comply with the section cf the statute, *supra*. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Holtzman* v. *Smith* (1919), 69 Ind. App. 434, 122 N. E. 18; *Federal Life Ins. Co.* v. *Maxam* (1919), 70 Ind. App. 266, 117 N. E. 801; *Zaring* v. *Home Stove Company* (1932), 95 Ind. App. 215, 183 N. E. 133.

"We are of opinion, therefore, that the appellant's motion for a new trial was not sufficient either in form or substance, to call in question below the correctness of the court's finding, under the law or upon the evidence; and that the ruling upon such motion presents no question for our decision." *Rodifer* v. *Fletcher* (1883), 89 Ind. 563.

The judgment in both Cause No. 14773 and Cause No. 14774 is affirmed.