ADKINS *v.* STATE OF INDIANA.

[No. 29,200. Filed January 27, 1955.]

*Byron G. Jenkins,* and *Harold P. Fiely,* of Portland, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by indictment with driving a motor vehicle while under the influence of intoxicating liquor in violation of Acts 1939, ch. 48, §52, p. 289, being §47-2001, Burns' 1952 Replacement, tried by the court without the intervention of a jury, found guilty, fined in the sum of $25 and costs, and his driver's license suspended for a period of one year.

The sole question presented is the sufficiency of the evidence to support the finding of the trial court.

Appellee asserts that neither of the grounds assigned in the motion for a new trial is proper and, therefore, no question is presented by their assignment.

The grounds assigned are:

(1) That the finding and judgment of the Court is contrary to law.

(2) That the finding and judgment of the Court is not sustained by sufficient evidence.

Both this court and the Appellate Court have con-

sistently held that causes for a new trial[1] stated in the exact or similar language as that employed ■ by appellant in his motion for a new trial are unauthorized and are not sufficient to comply with the statute[2] authorizing a new trial in civil proceedings. *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 676, 65 N. E. 1025; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 364, 77 N. E. 400; *Hall* v. *McDonald* (1908), 171 Ind. 9, 18, 85 N. E. 707; *Southern Express Co.* v. *Schurz* (1913), 55 Ind. App. 213, 215, 103 N. E. 667; *Holtzman* v. *Smith* (1919), 69 Ind. App. 434, 122 N. E. 18; *Federal Life Ins. Co.* v. *Maxam* (1919), 70 Ind. App. 266, 286, 117 N. E. 801; *Greeson* v. *Sloan* (1933), 97 Ind. App. 687, 688, 187 N. E. 841; Lowe's Rev. Works' Indiana Pract., Vol. 4, §61.84, p. 70.

This rule has also been applied to similar language used in stating a cause for a new trial under clause 9 of the section of the statute[3] providing for a new trial in criminal cases. *Volderauer* v. *State* (1924), 195 Ind. 415, 421, 143 N. E. 674; See also *Utley* v. *State* (1924), 194 Ind. 186, 142 N. E. 377; *Koby* v. *State* (1923), 193 Ind. 107, 136 N. E. 840; *Lytle* v. *State* (1920), 189 Ind. 690, 128 N. E. 836; *Inskeep* v. *Gilbert* (1910), 174 Ind. 726, 93 N. E. 8.

The statute[4] specifically sets out the causes which may be assigned for a new trial and those stated by appellant in his motion herein are not among the grounds specified by statute. This is sufficient ground

1. Acts 1881 (Spec. Sess.), ch. 38, §420, p. 240, being §2-2401, Burns' 1946 Replacement, Clause 6, provides as follows:
"That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."
2. Section 2-2401, Burns' 1946 Replacement, supra.
3. Acts 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1942 Replacement.
4. Section 9-1903, Burns' 1942 Replacement, supra.

upon which to affirm the judgment of the trial court in this case. However, an examination of the record clearly shows that the evidence is sufficient to sustain the finding of the court, and the judgment should also be affirmed on the merits.

An examination of the record shows the following evidence from which the trial court might properly have found that appellant was guilty as charged ·in the indictment.

. The state policeman who made the arrest testified that he observed appellant driving at the place charged in the indictment at an unreasonably high rate of speed, that he followed appellant's car, attempting to drive alongside and motion appellant to stop, that appellant increased his speed and pulled his car over to the· center of the highway; and that he stopped appellant at the next street intersection.

. This witness further testified that when appellant got out of his car his walk was unsteady, his eyes were blurry, and he could tell from the odor of defendant's-· appellant's breath that he had been drinking; and that in his ·opinion defendant-appellant "had too much to be out there in an automobile for the safety of other people."

A witness for the defense testified that he had been drinking with appellant in a tavern on the afternoon of, and prior to the time of his arrest. This testimony was supported by appellant's own admission.

We believe this evidence is sufficient to sustain the finding of the trial court, and the judgment should be affirmed. See: *Shorter* v. *State* (1954), 234 Ind. 1, 122 N. E. 2d 847.

Judgment affirmed.

Gilkison, C. J., and Levine, J., concur.

Achor, J., concurs with opinion in which Emmert, J., concurs.

## CONCURRING OPINION

ACHOR, J.—I concur in the result of the decision in this case because, in my opinion, the evidence was sufficient to sustain the finding and judgment which is affirmed.

However, I do not concur in that part of the opinion which holds that the ground here assigned in the motion for new trial was insufficient, and therefore presented no question.

The ground for new trial here assigned was: "(2) That the finding and judgment are not sustained by sufficient evidence." The statutory ground for new trial is that ". . . the finding . . . is not sustained by sufficient evidence." Acts, 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1942 Replacement (1953 Supp.). The question presented is, does the language here used substantially comply with the statute or can we with reason say that the use of the additional words "and judgment" completely nullified the right of the litigant to rely upon the asserted ground for new trial?

In my opinion the rule which this court has here reaffirmed and the cases in support of the rule cited in the majority opinion, is not well reasoned. The cases cited refer back to the case of *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 676, 677, 65 N. E. 1025. In that case the ground for new trial was "That the finding and judgment are *contrary to the evidence.*" (Our italics). The reason for the decision in that case was stated as follows: ". . . It may be, that, upon verdicts or findings in strict accord with the law and evidence, judgments contrary to the law and evidence are rendered. But the remedy against such errors is a motion to modify the judgment, . . ." I agree that the

decision of the court in that case rests upon a logical basis. The phrase "That the finding and judgment are *contrary to the evidence*" is not only outside the terms of the statute, it is ambiguous and assumes that the evidence might support a different judgment, but not the particular judgment. Accordingly, the court held that error, if any, in the finding and judgment should be corrected by motion to modify the judgment and not by motion for new trial.

The same logic does not apply in the case at bar or those cases cited in the majority opinion. Here the error assigned is "That the finding and judgment are not sustained by sufficient evidence." The language follows that of the statute (§9-1903, *supra*), except that the words "and judgment" are added. There is no assumption here that under any circumstances the evidence is sufficient to support this or any other finding or judgment, and, if "the finding . . . is not sustained by sufficient evidence," as asserted, it necessarily follows that *any judgment based thereon is erroneous* and must be reversed and a new trial ordered. The words "and judgment," as used, are incapable of adding to or detracting from the remainder of the ground assigned for new trial. They are mere surplusage.

I recognize that it is the duty of this court to diligently adhere to firmly established precedents affecting the substantive rights of our people, for they have a right to govern their lives by such rules with confidence. However, where, as here, we are involved with a purely procedural question, I am of the firm opinion that we are duty bound to follow the principle that where the reason for the rule fails, the rule itself fails.

Also, in my opinion, the precedent reaffirmed in the majority opinion is contrary to the often announced policy of our courts, to liberally construe our procedural

statutes to the end that, where such construction permits, the rights of litigants may be decided upon their merits. Although, in this particular case, the court has fortified its decision by deciding the question presented upon its merits, as long as the above rule stands, litigants have no assurance that it will not be employed to deny them such an opportunity on another occasion.

Emmert, J., concurs.

NOTE.—Reported in 123 N. E. 2d 891.