HOLTZMAN ET AL. v. SMITH, ASSIGNEE, ET AL.

[No. 10,161. Filed February 21, 1919.]

1. JUDGMENT.—*Order Denying Petition for Attorney's Fees.—Statute.*—An order denying a petition for allowance of attorney's fees in the matter of an insolvent estate, and decreeing ·that the petitioners take nothing, is a judgment within the terms of §1356 Burns 1914, §1285 R. S. 1881, defining judgment to mean all final orders, decrees and determinations in an action. p. 436.

2. APPEAL.—*Questions Presented.—Assignment of Error.—Grounds for New Trial.*—On an appeal from an order denying a petition for an allowance of attorney's fees in the matter of an insolvent estate, an assignment of error that the trial court erred in overruling petitioner's motion for an allowance of attorney's fees presents no question for review, as the error, if any, must be reached through a motion for a new trial. p. 436.

3. NEW TRIAL.—*Grounds.—Sufficiency.*—Where a petition for an allowance of attorney's fees in the matter of an insolvent estate was denied, grounds for a new trial specified by petitioners that "the finding and order of the court" is not sustained by sufficient evidence, is not fairly supported by the evidence and is clearly against the weight of the evidence, and that the "finding, order and judgment of the court" is not supported by the evidence, is contrary to law, is contrary to the law and the evidence, and is not fairly supported by the evidence, are unauthorized and insufficient. p. 436.

From Hamilton Circuit Court; *Fred E. Hines,* Special Judge.

Proceedings on the petition of John W. Holtzman and another for an allowance of attorney's fees in the matter of the estate of John W. Jessup, an insolvent, Samuel M. Smith, assignee, and another filing objections. From an adverse judgment, the petitioners appeal. *Affirmed.*

*John W. Holtzman, Lewis A. Coleman* and *William P. Evans,* for appellants.

*Gentry & Campbell* and *Shirts & Fertig,* for appellees.

McMAHAN, J.—The appellants, John W. Holtzman and Lewis A. Coleman, filed their petition in the Hamilton Circuit Court for an allowance for attorneys' fees in the matter of the estate of John W. Jessup, an insolvent, of which Samuel M. Smith was assignee. The assignee filed objections to granting the allowance. John L. Dulin, receiver of the Hamilton Trust Company, having been made a party, by leave of court, filed objections to the petition. The cause was tried by the court. The court found against the appellants, and entered a judgment that they take nothing.

Appellants filed a motion for a new trial for the following reasons: (a) "That the finding and order of the court" (1) is not sustained by sufficient evidence; (2) is not fairly supported by the evidence; (3) is clearly against the weight of the evidence. (b) That the "finding, order and judgment of the court" (4) is not supported by the evidence; (5) is contrary to law; (6) is contrary to the law and the evidence; (7) is not fairly supported by the evidence.

This motion was overruled and exception reserved. The errors assigned and relied on for reversal are: (1) That the court erred in overruling appellants' motion for an allowance for attorneys' fees; and (2) that the court erred in overruling the motion for a new trial.

The appellees contend that no question is presented by either assignment of error.

The petition of the appellants for an allowance for attorneys' fees was more than a formal motion. The appellees filed objections to it. It was tried by the

court as an adversary proceeding, witnesses were sworn and testified, the court entered a final order or judgment against the appellants, and they filed their motion for a new trial, which was overruled, exception taken and time given in which to file a bill of exceptions.

The order of the court denying the petition and ordering that the appellants take nothing is, in fact, a judgment. The statute defines a judgment as all final orders, decrees and determinations in an action. §1356 Burns 1914, §1285 R. S. 1881. The first assignment of error presents no question; the error, if any, must be reached through a motion for a new trial.

The appellees insist that the motion for a new trial is not sufficient to raise any question.

It has been uniformly held that causes for a new trial, in the language of those in appellants' motion, are unauthorized and insufficient. *Inskeep* v. *Gilbert* (1910), 174 Ind. 726, 93 N. E. 8; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707; *Hubbs* v. *State* (1897), 20 Ind. App. 181, 50 N. E. 402; *Bradford* v. *Wegg* (1914), 56 Ind. App. 39, 102 N. E. 845.

As the record stands, it presents no question. Judgment affirmed.