WATSON *v.* WATSON.

[No. 18,867. Filed September 9, 1957.]

*Howard L. Eads,* of Indianapolis, for appellant.

*Ralph Adams, Fred V. Cramer, Adams & Cramer,* and *Anthony Champa,* all of Shelbyville, for appellee.

COOPER, P. J.—The sole error assigned as grounds for reversal of the judgment herein is the action of the trial court in overruling the appellant's motion for a new trial. Said motion alleges (1) "That the *judgment* of the court is contrary to law;" (2) "That the *judgment* of the court is contrary to the evidence;" and (3) "That the *judgment* of the court is contrary

to the law and the evidence." No other grounds for reversal are specified.

The rule is well established by numerous decisions of this and the Supreme Court, that assigning as a ground for a new trial that the "judgment" is contrary to law or is contrary to the evidence or is contrary to the law and the evidence presents no question either to the trial court or to the court of appeal, since the statute does not recognize such reasons for a new trial. *Metropolitan Life Ins. Co.* v. *Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690; *Holtzman* v. *Smith* (1919), 69 Ind. App. 434, 122 N. E. 18; *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Adkins* v. *State* (1955), 234 Ind. 81, 123 N. E. 2d 891; *Deckard* v. *Ind. State School Bldg. Auth., etc.* (1954), 233 Ind. 138, 117 N. E. 367.

As the appellant's motion for a new trial presented no question to the trial court, said court committed no error in overruling it and as no other alleged error is assigned in this court the judgment must be affirmed.

NOTE.—Reported in 144 N. E. 2d 529.