## SIKES *v.* LEFTON

[No. 19,226. Filed May 10, 1960. Rehearing denied June 8, 1960.]

*F. Edward Dumas,* of Fowler, and *Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellant.

*Fraser & Isham, William S. Isham, James A. Gardner,* all of Fowler, *Wallace & Wallace* and *James B. Wallace,* of Covington, for appellee.

KELLEY, J.—Action for damages for the wrongful death of appellee's minor son. Trial by the court upon the issues made by appellee's complaint and appellant's answer in two paragraphs, one under the rules and the other alleging negligence by appellee's deceased son which was the proximate cause of his death. Upon request by appellant, the court entered its special find-

ings of fact and stated its conclusions of law numbered 1 and 2. The findings and conclusions were favorable to appellee. Judgment for appellee and that he recover $8354.00 from appellant together with costs.

Appellant filed his motion for a new trial containing five specifications, all but two of which are waived. The appellant's assignment of errors were that the court erred in overruling his motion for a new trial and that the court erred in its conclusion of law No. 1 and its conclusion of law No. 2. No other errors are charged.

The two unwaived specifications of the motion for a new trial as set forth in appellant's brief, are:

"1. That the verdict and judgment rendered herein are not sustained by sufficient evidence.
"2. That the verdict and judgment rendered herein are contrary to law."

It has long been held by our courts that causes for a new trial, alleged as above, are not statutory causes for a new trial. See *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342, 343; *Rodefer* v. *Fletcher et al.* (1883), 89 Ind. 563, 564; *Greeson* v. *Sloan* (1933), 97 Ind. App. 687, 688, 689, 187 N. E. 841, and cases cited; *Adkins* v. *State of Indiana* (1955), 234 Ind. 81, 82, 83, 123 N. E. 2d 891, and cases cited. In the latter mentioned case there was a dissent on the question by two of the five members of the Supreme Court. In the dissent it is said that the words "and judgment" are mere surplusage. However, the prevailing opinion holds otherwise. We are not at liberty to transgress the holding of the Supreme Court on this question and, therefore, must conclude that appellant has presented no question by said specifications in his motion for a new trial.

Appellant presents no argument or citation of authority in support of his assignments of error in the court's

conclusions of law, numbered 1 and 2. As to each said assignment appellant asserts only that he "believes that what has been said in support of this specification. Consequently, the court is respectfully referred to the propositions and authorities supra in support of this specification." Under said referred to "Specification No. 1," appellant undertook only to discuss his interpretation of what the evidence established as to certain stated propositions and to cite authorities claimed to be in support thereof. We have already determined that the two specifications under "Specification No. 1" were inadequate to present any question. However, even if said specifications had presented a question as to the sufficiency of the evidence to sustain the decision of the court, appellant's consideration of the evidence with reference to said specifications would be of no avail to him in regard to his asserted error in the court's conclusions of law.

Although it is no longer necessary to take exceptions to the conclusions of law (see Rule 1-5 of the Rules of the Supreme Court) as was formerly the practice, an assignment that the court erred in its conclusions of law raises the same legal question and is governed by the same legal principles as were applied under the old practice when exceptions were taken. A charge of error in a conclusion of law admits for the purpose of the asserted error that the facts which are properly within the issues have been fully and correctly found. *Kerfoot et al.* v. *Kessener et al.* (1949), 227 Ind. 58, 73, 84 N. E. 2d 190; and cases cited therein. Now, here, the appellant presents no contention and no argument that the facts found by the court fail to support its conclusions of law. A mere reference to a previous discussion of the evidence by appellant tenders nothing to support his assigned error

in the court's conclusions of law. It follows that no error as to the conclusions of law is before us.

Appellant's burden of establishing error by the record has not been successfully borne by him and the judgment must be affirmed.

Judgment affirmed.

Bierly, P. J., Gonas and Smith, JJ., concur.

NOTE.—Reported in 166 N. E. 2d 652.