WARREN *v.* STATE FARM MUTUAL AUTO INS. CO.

[No. 20,078. Filed November 20, 1964.]

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellant.

*Keith C. Reese, James E. Rocap, Sr.* and *Rocap, Rocap, Reese & Robb,* of counsel, all of Indianapolis, and *James S. Raber,* of Danville, for appellee.

HUNTER, C. J.—This matter is before the court on a motion to dismiss or in the alternative to affirm the judgment filed by the appellee (defendant below), State Farm Mutual Automobile Insurance Company. For grounds under said motion, the appellee sets forth seven (7) specifications.

### Specification III

Appellant's assignment of errors lists three (3) grounds for reversal, namely:

(1) The court erred in overruling appellants' motion for a new trial.

(2) That the finding and judgment of the court is contrary to law.

(3) That the finding and judgment of the court is not sustained by sufficient evidence.

## Specification IV

The grounds for appellants' motion for new trial were:

(1) That the finding and judgment of the court is contrary to law.

(2) That the finding and judgment of the court is not sustained by sufficient evidence.

## Specification V

Appellants' assignment of error numbers two (2) and three (3) are not proper independent assignments of error. Such questions must be presented under an assignment that the trial court erred in overruling the motion for new trial. Therefore no question is presented by those independent assignments.

Appellants' assignment of error number one (1), that the court erred in overruling the assignments numbered one (1) and two (2) in the motion are not proper and therefore no question is presented by the assignment that the court erred in overruling the motion for new trial.

"That the verdict or decision is not sustained by sufficient evidence, or is contrary to law" is the sixth statutory cause for a new trial as set forth in §2-2401 Pt. 1, Vol. 2 Burns' Stat. Ann. 1946 Repl.

In a recent case *Sikes* v. *Lefton* (1960), 130 Ind.

App. 620, 166 N. E. 2d 652 decided by this court, the appellant assigned the following causes for new trial which are essentially the same as appellant sets forth in this appeal:

> "1. That the verdict and judgment rendered herein are not sustained by sufficient evidence."
> "2. That the verdict and judgment rendered herein are contrary to law."

It has long been held by our courts that causes for a new trial, alleged as above without specificity are not statutory causes for a new trial. *Sikes* v. *Lefton, supra.*

Thus appellants' motion for new trial does not contain the statutory causes for a new trial and therefore appellants' first assignment of error, "The court erred in overruling appellants' motion for new trial," is not a valid assignment of error although it would have been had appellant herein assigned statutory cause for new trial. This then leaves only appellants' number two (2) and three (3) assignments of error as follows:

> "2. That the finding and judgment of the court is contrary to law."
> "3. That the finding and judgment of the court is not sustained by sufficient evidence."

> In the case of *Walker* v. *Peoples Bank & Trust Co., Admr., etc.* (1959), 130 Ind. App. 138, 162 N. E. 2d 320, 321 the following is stated:

> ... "Matters which come under one of the statutory motions for new trial may not be made the basis of independent assignment of errors. Our statute provides that where error is present because the decision is not sustained by sufficient evidence or is contrary to law, it should be set forth by motion for new trial. Burns' Ind. Stat. §2-2401 subsection 6. Such errors cannot be presented by independent assignments of error...."

Logically then, this argument would be even stronger in the present case where appellants' causes for new trial are not statutory causes.

It is the opinion of this court that appellants' motion for new trial does not contain the statutory causes for new trial, and that the assignment of error presents no question for review because item number one (1) is based on the motion for new trial and items two (2) and three (3) cannot be stated as separate assignments of error. The assignments presented by appellant therefore present no question and this appeal is dismissed.

NOTE.—Reported in 202 N. E. 2d 170.