RAMEY *v.* URBAN, SUCCESSOR TRUSTEE.

[No. 20, 443. Filed October 6, 1967. No Petition for rehearing filed.]

*Stewart & Austin,* of Anderson, for appellant.

*Bagot, Free & Shearer,* of Anderson, and *John P. Price* and *Hamill, Price & Champ,* both of counsel, both of Indianapolis, all for appellee.

SMITH, J.—This action was initiated by the appellee in his capacity as Successor Trustee of a certain undocketed trust known as the Donna Harter Trust. The form of the action was a petition filed in the Estate of Harry H. Harter, Deceased, who had been the original Trustee of the Donna Harter Trust. Harry H. Harter died on February 14, 1964. The Special Administrator of his estate, Harold J. Anderson, was succeeded by the Anderson Banking Company which had been named as Executor in the Will of Harry H. Harter. The executor and the appellant, Mary A. Ramey, (a beneficiary under the Will of Harry H. Harter), contended that the property in dispute here (certain jewelry) was a part of the personal assets of the decedent, Harry H. Harter. The petition filed by the appellee alleged that the property belonged to the Donna Harter Trust and sought its return to the Successor Trustee.

The trial court found in substance that upon the death of Harry H. Harter, he was an active trustee of an undocketed testamentary trust created under the Will of Donna Harter, and, as trustee, was the custodian of certain jewelry, which included the jewelry bequeathed to Estella Urban and also the jewelry bequeathed to Isabel Urban; that this jewelry was not the asset of Harry H. Harter and therefore should be delivered to William Harter Urban as Successor Trustee of the Donna Harter Trust.

The appellants, Mary A. Ramey and Anderson Banking Company, Executor of the estate of Harry H. Harter, deceased, filed their motion for a new trial as follows:

"Comes now Anderson Banking Company, Executor of the estate of Harry H. Harter, deceased, and comes now Mary A. Ramey, by and through their respective attorneys, and within 30 days from the date judgment was rendered, and move the court separately and severally for a new trial upon each of the following separate causes:

"1. The judgment of the court is contrary to law.

2. The judgment of the court is not sustained by sufficient evidence.

WHEREFORE, Anderson Banking Company as Executor of the estate of Harry H. Harter, deceased, and Mary A. Ramey, respectively ask that the court grant a new trial herein."

The appellant's motion for a new trial was overruled.

The appellant, Mary A. Ramey, assigns as error the overruling of the motion for a new trial and also the overruling of the motion to strike the appellee's petition from the files. The assignment of errors reads in part as follows:

"The Appellant avers that there is manifest error in the judgment and the proceedings in this cause, which is prejudicial to the Appellant, in this:

1. The Court erred in overruling the Appellant's Motion to Strike the Petition from the files.

2. The Court erred in overruling the Appellant's Motion for a New Trial."

The appellee filed his motion to dismiss the appeal or affirm the judgment below on October 13, 1965. By order of this Court on June 2, 1966, the ruling on this motion was held in abeyance pending final submission of the cause upon the merits. The cause was submitted on the merits to this Court and argument heard thereon. After such hearing, we are of the opinion that this appeal should be dismissed for the following reasons:

The motion for a new trial specifies only two grounds, as follows:

1. The judgment of the Court is contrary to law.

2. The judgment of the Court is not sustained by sufficient evidence.

This Court and the Indiana Supreme Court have held repeatedly that a specification in a motion for a new trial that

the "judgment" is contrary to law or is not sustained by sufficient evidence presents no question either to the trial court or on appeal. *Watson* v. *Watson* (1957), 127 Ind. App. 591, 144 N. E. 2d 529; *Sikes* v. *Lefton* (1960), 130 Ind. App. 620, 166 N. E. 2d 652; *Adkins* v. *State* (1955), 234 Ind. 81, 123 N. E. 2d 891; 4 Lowe's Rev. Works and Practices, Sec. 61-34, p. 70.

In *Watson* v. *Watson, supra,* the Court said at page 592:

"The rule is well established by numerous decisions of this and the Supreme Court, that assigning as a ground for a new trial that the 'judgment' is contrary to law or is contrary to the evidence or is contrary to the law and the evidence presents no question either to the trial court or to the court of appeal, since the statute does not recognize such reasons for a new trial. *Metropolitan Life Ins. Co.* v. *Schneider* (1935), 99 Ind. App. 570, 193 N.E. 690; *Holtzman* v. *Smith* (1919), 69 Ind. App. 434, 122 N. E. 18; *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Adkins* v. *State* (1955), 234 Ind. 81, 123 N. E. 2d 891; *Deckard* v. *Ind. State School Bldg. Auth., etc.* (1954), 233 Ind. 138, 117 N. E. 367."

The above authorities are dispositive of this cause and require the dismissal of this appeal.

We would also point out that the appellant has failed to name a necessary party in the asignment of errors. The executor of the estate in which the original petition was filed, appeared, filed a motion to strike the appellee's petition from the files and joined in the motion for a new trial. The judgment of the trial court was specifically directed to said executor, who is omitted entirely as a party appellant or appellee in the present appeal. A failure to name a party to the judgment in the assignment of errors is jurisdictional. *Baugher et al.* v. *Hall, Receiver etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591; *Barlog et al.* v. *City of Hammond et al.* (1960), 130 Ind. App. 501, 166 N. E. 2d 340.

We have carefully examined the record in the case at bar

and are of the opinion that this appeal should be dismissed, and the judgment of the trial court should be affirmed.

Appeal dismissed and judgment of trial court affirmed.

Pfaff, C. J., and Bierly and Cook, JJ. concur.

NOTE.—Reported in 229 N. E. 2d 836.