SHUMAN ET AL. *v.* HAUK.

[No. 20,627. Filed February 14, 1968. Rehearing denied April 4, 1968. No petition for transfer filed.]

*John R. Hammond,* of Indianapolis, for appellants.

*William K. Byrum,* and *Fulmer, Burris & Byrum,* of Indianapolis, for appellee.

COOPER, J.—This is an appeal from the Superior Court of Marion County, wherein the Appellee brought an action

against the Appellants for damages alleged to have been caused by breach of contract. After the issues were properly closed, the cause was submitted to the court for trial. The court found for the Appellee and entered judgment accordingly.

The record before us reveals that thereafter the Appellants filed their Motion for a New Trial, which said Motion was overruled by the trial court. The ruling on the Motion For New Trial is the assigned error on appeal.

The Motion for New Trial alleges as error the following: (1) That the judgment in this matter is contrary to law; (2) That the evidence in the cause does not support the decision of the Court; and (3) That the defendants have newly discovered evidence which was not available to them at the time of the trial of this cause. No other grounds for a new trial were specified.

The rule is well established by numerous decisions of our Supreme Court and this Court that the specification of error that the judgment is contrary to law, presents no question, either to the trial court, or to this court on appeal, since the statute does not recognize such a cause for new trial. *Watson* v. *Watson* (1957), 127 Ind. App. 591, 144 N. E. 2d 529, and authorities cited therein.

The same is true of the Appellants' second specification of error. In Volume 4 of Lowe's Revision of Works' Indiana Practice, Sec. 61.85, page 73, we find the following statement:

> "No question can be presented on appeal as to the sufficiency of the evidence unless its insufficiency was assigned as a cause for a new trial." See also, *Warren* v. *State Farm Mutual Auto Ins. Co.* (1964), 136 Ind. App. 444, 4 Ind. Dec. 164, 202 N. E. 2d 170; *Sikes* v. *Lefton* (1960), 130 Ind. App. 620, 166 N. E. 2d 652.

The foregoing is also true as concerns Appellants' third specification for a new trial, since application for a new

trial under this provision must be supported by affidavit. See Burns' Indiana Statutes, Sec. 2-2404. Where, as was the fact in this case, no such affidavit is attached to or filed with the motion for a new trial, no question is presented regarding such asserted errors. See: *Van Sickle* v. *Kokomo Water Works Co.*, 239 Ind. 612, 158 N. E. 2d 460.

Since the Appellants' Motion for New Trial presented no question to the trial court, said court committed no error in overruling said Motion, and as no other error is assigned on appeal to this court, the judgment must be affirmed.

Carson, C. J., Prime, J., concur.

Faulconer, J., concurs with opinion.

### CONCURRING OPINION

FAULCONER, J.—I agree with the majority opinion that this judgment should be affirmed. I cannot agree, however, in the statement that the second specification in appellants' motion for new trial presents nothing to the trial court nor to this court. Furthermore I do not think the cases cited therein support the proposition. The specifications held insufficient in *Sikes* v. *Lefton* (1960), 130 Ind. App. 620, 622, 166 N. E. 2d 652, stated that the "Verdict and judgment rendered herein are not sustained by sufficient evidence" when the trial was by the court and not a jury. That specification held insufficient in *Warren* v. *State Farm Mutual* (1964), 136 Ind. App. 444, 446, 202 N. E. 2d 170, 4 Ind. Dec. 164, was "that the finding and judgment of the court is not sustained by sufficient evidence." Although the latter decision does not directly state whether the trial was by a jury or the court, the specification was held insufficient on authority of *Sikes* v. *Lefton, supra.* It has also been held by our Supreme Court, although two Judges dissented on this point, that combining the word "Judgment" with the proper term "Finding" in the

specification does not state a proper ground for a new trial. *Adkins* v. *State* (1955), 234 Ind. 81, 83, 123 N. E. 2d 891.

However, in my opinion, we are not, in the present case, confronted with any of the situations in the above cited authorities. Here the trial was by the court and the appellant charged that the evidence does not support the decision of the court.

> "The written reasons for a new trial are sufficient if they, with reasonable certainty, apprise the court and the opposite party of the ground upon which the new trial is asked. The reason need not be stated in the language of the statute." *Heekin Can Co.* v. *Porter* (1943), 221 Ind. 69, 73, 46 N. E. 2d 486. See also: *Henschen* v. *New York Cent. R. Co.* (1945), 223 Ind. 393, 397, 60 N. E. 2d 738.

I am of the opinion that, although not in the exact words and sequence of the statute, appellants second specification accomplishes the above purposes and therefore is sufficient.

I am, however, of the opinion that the evidence was sufficient to sustain the decision of the trial court and therefore concur in the affirmance.

## ON PETITION FOR REHEARING

FAULCONER, J.—I concur in the denial of the petition for rehearing on the grounds set forth in my concurring opinion to the majority opinion.

NOTE.—Reported in 233 N. E. 2d 678.